THOMAS S. ROBINSON, Respondent, *v.* MARGARET M. BRENNAN, as Executrix, etc., Appellant.

An assignment by the plaintiff in an action, with the knowledge of his attorney, of a judgment in his favor, revokes the authority of said attorney, and he has no power or authority thereafter to act for or bind the assignee.

A sheriff to whom an execution upon the judgment has been issued, after notice of the assignment may not take his instructions from plaintiff's attorney, but must obey his execution and conform to the rules of law in regard thereto, except as otherwise instructed by the assignee.

It is the duty of the sheriff in making a sale on execution to demand payment for property sold; if not paid, he must then and there avoid the sale and resell or postpone the sale, giving notice thereof.

If he closes the sale and gives credit or takes any thing but money in payment, and delivers the property to the purchaser, what he receives must be treated as money and accounted for by him as such.

Two executions subscribed by D., as plaintiff's attorney, were issued to B., defendant's testator, as sheriff; a few days thereafter, with the knowledge of D., the judgments, which amounted to about $1,300, were assigned to plaintiff. Subsequently another judgment was recovered against the same judgment debtor, and execution was issued thereon to B., who levied upon property, which was sold for over $3,600. B. took the purchaser's check for the amount of the bid and put him in possession of the property. On the same day plaintiff's agent, an attorney, called upon B. with the assignments, informed him that the judgments were assigned, and demanded of him the money in satisfaction thereof. B. not being able to get payment of the check, readvertised and sold the property for about $600, and by the direction of D., who to the knowledge of B. owned or had an interest in the junior judgment, the latter applied the proceeds of sale upon the execution on that judgment and returned the other two executions *nulla bona.* In an action for a false return, *held,* that B. was liable for the whole amount of plaintiff's judgments.

(Argued May 31, 1882 ; decided October 17, 1882.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 11, 1880, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*Robert S. Green* for appellant. It is the duty of a sheriff to obey the instructions of the party issuing the execution. (*Root* v. *Wagner*, 30 N. Y. 1; *Gorham* v. *Gale*, 7 Cow. 739; *McKinley* v. *Tucker*, 6 Lans. 214; *Smith* v. *Smith*, 60 N. Y. 161; *Sherry* v. *Schuyler*, 2 Hill, 204.) Where the party issuing execution gives directions to the deputy, he thereby makes the deputy his agent, and the sheriff is no longer responsible. (*Michael* v. *Hart*, 1 Denio, 548; *Acker* v. *Ledyard*, 8 Barb. 574; *Gorham* v. *Gale*, 7 Cow. 739; *McKinley* v. *Tucker*, 6 Lans. 214.) The effect of the directions of the plaintiff's attorney are the same as though given by himself, and to the same extent bind or exonerate the officer. (*Read* v. *French*, 28 N. Y. 285; *Corning* v. *Southland*, 3 Hill, 552; *Armstrong* v. *Dubois*, 4 Keyes, 290; *Gorham* v. *Gale*, 7 Cow. 739; *Walters* v. *Sykes*, 22 Wend. 566; *Godfrey* v. *Gibbons*, id. 569.) An order by plaintiff's attorney to deputy not to sue after levy until further instruction relieves the sheriff from liability for loss. (*Mickels* v. *Hart*, 1 Denio, 548; *Godfrey* v. *Gibbons*, 22 Wend. 569.) Plaintiff's attorney is authorized to receive amount of judgment, discharge the party, and acknowledge satisfaction. (*Stenard* v. *Biddlecom*, 2 N. Y. 103; 2 R. S. 362, §§ 24, 25.) Attorney may open a default and vacate a judgment improperly obtained. (*Read* v. *French*, 28 N. Y. 285.) Attorney may waive a default, contrary to instructions of his client. (*Anonymous*, 1 Wend. 108; *Galliard* v. *Smart*, 6 Cow. 383.) Attorney's authority over a *fi. fa.* continues for at least a year and a day after judgment perfected. (*Lusk* v. *Hastings*, 1 Hill, 656; *Corning* v. *Southland*, 3 id. 555.)

*Robert Sewell* for respondent. When the sheriff, by his deputy, appointed to do an official act, took the check of Walsh instead of money, he thereby extended to him his personal credit, and so became answerable for Walsh's default. (*Nichols* v. *Ketchum*, 19 Johns. 92; *Russell* v. *Gibbs*, 5 Cow. 390; *Ex parte Board*, 4 id. 420; *McDonald* v. *Neilson*, 2 id. 139; 19 Johns. 92; *Gunning* v. *Smith*, 1 Green's [N. J.] Ch. 182; 5 Cow. 39 a; *Denton* v. *Livingston*, 9 Johns.

96 ; *Weld* v. *Bartlett,* 10 Mass. 474 ; *Young* v. *Hosmer,* 11 id. 82, 90 ; *Kellogg* v. *Munro,* 9 Johns. 300–2 ; *Patterson* v. *Westervelt,* 17 Wend. 543. As adopting the same rule : Per COWEN, J., *Bank of Rome* v. *Curtiss,* 1 Hill, 276 ; 2 R. S. [Edm. ed.], § 77, p. 459.) The sheriff, by acting or pretending to act under Denison's advice, affirmed the sale by which the first and second execution were to have been satisfied. Unless they were so satisfied, the third should have been returned *nulla bona.* (*Champenois* v. *White,* 1 Wend. 92 ; *Rowe* v. *Richardson,* 5 Barb. 385 ; *People* v. *Brown,* 6 Cow. 41.) An attorney cannot enter a *retraxit* (Cro. Jac. 211 ; 1 Bac. Abr. 299), or discharge a defendant from execution without payment (2 Johns. 361 ; 10 id. 220). He may, however, exercise his discretion in all ordinary occurrences which take place in relation to the cause, to-wit : making stipulations, waiving technical advantages, as entering *remittitur damna* as to part, and taking judgment as to rest, which was not necessary to be done by the plaintiff in person. (2 Ld. Raym. 1142 ; 1 Salk. 89.) The authority of a person as agent for the plaintiff to discharge defendant from custody on execution without satisfaction of the debt must be clearly proved and strictly pursued. The attorney of the plaintiff on record had power so to do. (*Crary et al.* v. *Turner,* 6 Johns. 53.) After the sale to Walsh, as made by Kelly, the sheriff was *functus officio,* as to the property of Baker. (*Bigelow* v. *Provost,* 5 Hill, 566 ; *Reed* v. *May,* 7 Johns. 426 ; *Carpenter* v. *Stillwell,* 11 N. Y. 70, 71 ; *Curtiss* v. *Patterson,* 8 Cow. 65 ; *Caldwell* v. *Bartlett,* 3 Duer, 341 ; *Smith* v. *Lynes,* 5 N. Y. 41.) An attorney is held to be the trustee of his principal, on a sale under execution and in matters arising thereunder. (*Howell* v. *Baker,* 4 Johns. Ch. 118.)

EARL, J. This action was brought against Matthew T. Brennan in his life-time to recover damages against him on account of a false return upon two executions issued to him as sheriff of the city and county of New York, in two actions wherein John H. Johnson was the plaintiff and Josiah H. Baker was

the defendant.   The judgments had been recovered on the 23d of July, 1873, one for upwards of $1,000 and the other for upwards of $300.   On the same day executions were issued to the sheriff, each subscribed by Henry C. Dennison, as attorney for the plaintiff, and on the seventh day of August thereafter the judgments were duly assigned to the plaintiff.   A judgment was subsequently recovered against Baker by William H. Gallagher for upwards of $500, and an execution was issued to the sheriff upon that judgment, subscribed by the plaintiff in person, on the 29th day of August, 1873.   By virtue of the executions the sheriff levied upon the property of Baker and sold the same on the 8th day of October, 1873, to one Walsh, the highest bidder, for over $3,600.   The sheriff took Walsh's check for the amount of the bid and put him in possession of the property.   On the same day, after the sale, plaintiff's agent, an attorney, called upon the sheriff, holding in his hands the assignments of the judgments to the plaintiff, and informed the sheriff of the assignments and demanded of him the money in satisfaction of the judgments.   The money was not paid, as the sheriff had not then received the money upon the check.   Thereafter the sheriff, not being able to get payment on the check, again advertised the property levied upon for sale, and upon the second sale it brought only about $600.   It appears that Dennison owned the Gallagher judgment, that the sheriff knew he owned or had an interest in it, and that he directed the sheriff to apply the proceeds of the last sale upon that judgment, and to return the two prior executions issued upon the judgments owned by the plaintiff *nulla bona;* and the money was so applied and the executions so returned.

If the judgments had not been assigned, Dennison's authority as attorney for the plaintiff therein would have made his instructions to the sheriff binding upon the plaintiff, and would have protected the sheriff.   The sheriff in that case could have relied upon the continuance of the attorney's authority to act for the plaintiff.   But that authority could, at any time after the executions were issued, be revoked by the plaintiff, without

the entry of any formal order, in the same way that the authority of any agent could be revoked. (*Thorp* v. *Fowler*, 5 Cow. 446 ; *Cook* v. *Dickerson*, 1 Duer, 679.) And after the sheriff had notice of such revocation he could no longer take his instructions from the attorney, but would be obliged to obey his execution and conform to the rules of law applicable to it, except as he was instructed by the plaintiff himself. Here, when the judgments were assigned to this plaintiff, and Johnson, the plaintiff in the judgments, ceased to have any interest therein, the authority of the attorney who knew of such assignment was thereby in fact revoked. He did not become by the assignment of the judgments the attorney for the assignee, and had no power or authority in fact thereafter to act for or to bind the assignee. But until the sheriff had notice of the assignments he could continue to recognize the original authority of the attorney as if he in fact continued to be the attorney for the plaintiff in the executions. Suppose these two executions had been signed by Johnson, the plaintiff in the judgments, as they could have been, and the sheriff had notice of the assignments of the judgments, could he thereafter take his instructions from Johnson simply because his name was signed to the executions? And if he could not, upon what principle could he take them from one whose name was signed to the executions as Johnson's agent?

It is not, however, now necessary to determine whether notice to the sheriff of the assignments was sufficient of itself to give him notice of the revocation of the attorney's authority to act. In such cases it would always be well to give express notice that the attorney no longer had authority to act in reference to the judgment or execution. But here there was more. On the very day of the sale the assignments were placed in the hands of another attorney, and he informed the sheriff that he held them and demanded the money due upon the executions. This was enough to give notice to the sheriff that Dennison's authority had ceased and he could not thereafter be protected in applying the money realized by him out of the debtor's property under Dennison's directions, in disregard of the

assignee's rights and interests, upon the last execution in which he knew Dennison to have a personal interest.

Therefore, the facts of this case as they must have been found by the jury can furnish no protection to the sheriff for returning these two executions *nulla bona.*

The further claim is made that the sheriff is not responsible for more than the amount realized upon the last sale. We are of opinion that this claim is not well founded. The first sale was regularly made; numerous bidders were present, and the next bid lower than that upon which the property was struck off to Walsh was nearly as large as his. When the sheriff assumed to take Walsh's check and put him in possession of the property and deliver the same to him, and close the sale, he made himself responsible for Walsh's bid. A sheriff in such a case must demand money for property sold, and if that is not paid, he must then and there avoid the sale and resell the property, or postpone the sale, giving notice thereof, and then make a new sale at a subsequent time. But if he takes any thing but money, gives credit to the purchaser, delivers the property to him and closes the sale, then what he takes must be treated as money in his hands to be applied upon the executions.

We have examined the other errors alleged and do not believe any of them are of sufficient importance to call for a reversal of the judgment.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.