Filed Jan. 8, 1889.

---

No. 14,460.

## MAHER ET AL. *v.* THE ÆTNA LIFE INSURANCE COMPANY.

SHERIFF'S SALE.—*Unperfected Bid.—Memorandum.—Re-Sale.*—Under a decree of foreclosure the mortgaged land was offered by the sheriff for sale. The judgment plaintiff bid less than one-fourth the amount of his judgment, and the land was openly struck off to him.    It is not shown that the sheriff made any memorandum of the sale or issued a certificate. Subsequently the sheriff re-advertised the land and sold it to the same bidder for the full amount of his judgment.

*Held*, that as it does not appear that the first sale was perfected, or that the sheriff exceeded his discretionary powers, that sale was not enforceable, and a re-sale was authorized.

From the Daviess Circuit Court.

*J. Baker* and *A. J. Padgett*, for appellants.

*W. R. Gardiner* and *S. H. Taylor*, for appellee.

MITCHELL, J.—The following appears to be the case as made by the record : On the 25th of January, 1882, Thomas Maher

and his wife, Ellen, executed a mortgage on certain real estate owned by the husband, to secure the payment of a debt of $2,500 due from the latter, with annual interest at 7 per cent., payable to the Ætna Life Insurance Company, in five years. The debt matured, and, remaining unpaid, the insurance company foreclosed its mortgage, and took a personal judgment against Thomas Maher for $2,882.52. A certified copy of the decree was placed in the hands of the sheriff of Daviess county, who, after due advertisement, offered the land therein described for sale in parcels. The plaintiff made bids upon the several parcels, aggregating $600, whereupon the sheriff openly struck off and sold the land to the plaintiff.

It does not appear that the sheriff ever made any memorandum or other entry of the sale on the writ, or that he issued any certificate of purchase, but so far as appears it may be inferred that the sale was abandoned by mutual consent of the sheriff and the bidder immediately after the property was struck off. Subsequently the sheriff re-advertised the land and sold it to the insurance company, for the full amount of the judgment, interest and costs, the latter paying the amount of its bid and receiving a certificate of sale.

This was a proceeding by Maher and wife, by way of motion in the court below, based upon a showing of the above mentioned facts, asking to have the last mentioned sale set aside and vacated, and that the appellee should be held to the first sale. This motion was denied, and it is now insisted on behalf of appellants, that the first sale exhausted the right of the insurance company in the land sold, and that the subsequent sale was hence without authority of law and void.

It is undoubtedly true that a perfected or consummated decretal or execution sale of property exhausts the lien of the decree or judgment in respect to the property sold, and that the judgment creditor can not re-sell the same property until it is redeemed by the owner or some person claiming under

him, so as to vacate the first sale and reinstate the lien. *Hervey* v. *Krost, ante,* p. 268.

The infirmity in the appellants' position is, that it does not appear that the first sale was completed, so as to become binding, or to give those interested the right to insist upon its consummation. That the land was offered, and a bid made and accepted, without more, neither accomplished a sale nor conferred the right upon the execution defendants to enforce compliance with the bid.

Sheriff's sales of real estate are subject to the provisions of the statute of frauds, and are hence not enforceable, even if otherwise unobjectionable, unless a sufficient memorandum has been made by the sheriff at the time. *Elston* v. *Castor,* 101 Ind. 426 (433).

The law invests the sheriff with some discretion in making sales, and if for any reason the consummation of a sale, even after the property has been struck off, would operate with unusual and inordinate severity upon the debtor, by needlessly sacrificing his property, the sale ought not to be completed, especially if the purchaser consents to the withdrawal of his bid, as may be inferred was the fact in the present case. Freeman Ex., section 288. Besides, a purchaser, whether he be the execution creditor or a stranger, may withdraw or refuse to pay his bid, in which case the sheriff or either of the parties to the writ may, if a sufficient memorandum has been made, enforce payment, with damages, as provided in section 760, R. S. 1881, or the sheriff may re-expose the property to sale and hold the first purchaser liable for the deficiency, in case the amount bid at the second sale shall be less than the sum bid at the first, and the costs of the second sale. Section 761, R. S. 1881.

It may be that the purchaser withdrew or refused to pay his bid, and that the sheriff, in the exercise of the discretion vested in him, deemed it the better course for all parties concerned to permit the bid to be withdrawn, or to decline

to make the necessary memorandum, so as to enable him to enforce payment amd re-expose the property to sale.

Since it appears that the property brought more than four times as much at the second sale as at the first, it is not readily apparent how the appellants have been injured.

It is contended on the appellants' behalf that Ellen Maher, as wife, is entitled to redeem, and that it would be to her advantage to have the first sale perfected so that she may redeem from a six hundred dollar. bid, rather than from the larger one made on the second sale. Whether or not it would have been more advantageous to the debtor's wife, in case the first sale had been perfected, and whether, if it would, that would constitute a reason for enforcing a sale of her husband's property at a nominal price, rather than for a price more nearly proportionate to its value, presents questions which we need not consider, since, as we have already seen, within the discretion lodged with the sheriff the sale was not so far completed as to be enforceable. There was no error.

The judgment is affirmed, with costs.

Filed Jan. 9, 1889.