JOSEPH L. SHELDON *et al.* v. SIMON PRUESSNER *et al.*

1. CASE, *Followed.* The case of *Greenwood v. Butler*, ante. p. 424, followed.

2. MORTGAGE — *Foreclosure — Payment by Check — Sale, not Defeated.* Where land is advertised to be sold for cash in pursuance of a judgment of foreclosure, and the sheriff accepts a certified check as cash, which is afterward paid, the acceptance of the certified check for cash is not of itself a sufficient reason to defeat the sale.

3. JUDGMENT, *Reversed.* Where a judgment under which land has been sold is held to be erroneous and is reversed, and it appears that the land was bid in at the sale by a third person who was acting for and in behalf of the judgment creditor, and that the purchase was actually made for such judgment creditor, the purchaser is not entitled to the protection provided for in § 467 of the civil code. The reversal of the judgment defeats the title of the purchaser, and the sale should be set aside.

*Error from Shawnee District Court.*

ACTION by *Simon Pruessner* and others against *Joseph L. Sheldon* and another to foreclose a mortgage. Judgment of foreclosure and a sale and order of confirmation. Defendants, *Sheldon* and wife, come to this court. The opinion states the facts.

38 — 52 KAS.

*H. C. Root*, for plaintiffs in error.

*Bishop Crumrine*, for defendants in error Simon Pruessner, Henry S. Pruessner, and Lizzie Pruessner.

*A. Bergen*, for defendant in error Motter.

The opinion of the court was delivered by

JOHNSTON, J.: This proceeding is brought to review the ruling of the district court confirming a sale of real estate made in pursuance of a judgment foreclosing two mortgages thereon, which judgment has been reversed at the present sitting of the court. (*Sheldon v. Pruessner*, ante, p. 579.) The judgment of foreclosure was rendered December 5, 1891, and provided for the sale of the land without appraisement, and for the application of the proceeds. While this judgment was brought up to the supreme court for review, no supersedeas bond to stay execution was given; and, after due notice, a sale of the property was made April 24, 1893. The bid was made by E. S. Gresser for the price of $3,450, but it appears that he was acting for Simon Pruessner, and that the purchase was actually made by Pruessner. Subsequently, a motion was made to confirm the sale, which was resisted by the plaintiffs in error. Their principal contention was, that the redemption law of 1893 was applicable, under which the sheriff should issue to the purchaser a certificate conditioned that, unless redemption was made within 18 months, a deed would be issued. This objection to the sale is not sufficient, as the judgment of foreclosure was rendered long prior to the enactment of the redemption law of 1893. Under the recent decision of *Greenwood v. Butler*, ante, p. 424, that law does not affect nor change the terms of a judgment duly rendered before its passage.

Another objection to confirmation was, that the sheriff accepted a certified check for $1,454.20, which was the amount of the Motter judgment, interest, and costs, when he had advertised to sell the premises for cash. If this was the only objection, it would afford the plaintiffs in error no ground for

complaint. The sheriff might have objected to the certified check and required a cash payment, but as he did not, and as the money has been paid, it furnishes no ground to set aside the sale.

A more serious objection to the confirmation is, that there is no judgment upon which it can rest. There has been a complete reversal of the judgment which decreed the sale, and the purchaser cannot be regarded as a stranger to that judgment. Under § 467 of the code, the reversal of a judgment will not affect the title of a *bona fide* purchaser of land sold under such judgment, but it has been held that this provision has application solely to *bona fide* purchasers who are not parties to the erroneous judgment, nor responsible therefor. (*Hubbard v. Ogden*, 22 Kas. 671.) Although a bid of $3,450 was made by E. S. Gresser, only $1,454.20 was actually paid. An attempt was made to satisfy the balance of the bid by a receipt for $1,900, given to the sheriff by Simon Pruessner, and it is expressly admitted by counsel for plaintiffs in error that Gresser's bid was made for and in behalf of Simon Pruessner, and not for himself. The sale must, then, be regarded as having been made to Pruessner, the judgment creditor, who was not within the protection of § 467 of the civil code. This case was argued and submitted with the foreclosure case, and the judgment having been reversed, the sale necessarily falls with it, and, therefore, the order of the district court confirming the sale will be reversed, and the sale will be set aside.

All the Justices concurring.