JAMES M. YORK *vs.* WILLIAM N. BARSTOW.

Middlesex.   December 7, 1899. — January 4, 1900.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

*Mechanic's Lien — Description of Premises in Certificate — Exceptions.*

It cannot be said, as matter of law, that there was error in declining to give a ruling requested, if it does not appear that the bill of exceptions contains all of the evidence material to such request.

PETITION, to enforce a mechanic's lien, under Pub. Sts. c. 191. Trial in the Superior Court, without a jury, before *Dewey,* J., who allowed a bill of exceptions, in substance as follows.

The petitioner, in September, 1897, made an oral contract

with the respondent to do all the carpenter work on the respondent's building. It was admitted that the petitioner duly performed his contract, and ceased to perform labor and furnish materials on January 24, 1898; and that he was entitled to maintain his lien, if the description of the property on which he seeks to enforce his lien is sufficiently accurate for identification. This was the only question presented.

The premises upon which the petitioner claims his lien are described in his certificate as follows: " The bakery property on the northerly side of Summer Street in said Somerville opposite Windom Street containing the bake-house and engine-house lately erected thereon. Said lot of land being owned, to the best of my knowledge and belief, by William N. Barstow."

Evidence was offered that the building was about one hundred feet long and fifty feet wide; that a partition wall twelve inches thick divided the building nearly half way and extended about one foot above the roof; that one part of the building was fitted up as a bakery and the other part as a stable; that the petitioner contracted to build only one building, and only knew of one building; that it might be called two buildings, or one building; that there was no engine-house on the premises, and no engine except the one put into that part intended for a bakery; and that the petitioner knew nothing about any division of the property, or transfer of part of the property, to Nellie E. Barstow.

It was admitted that the petitioner did work both on the bakery and the stable; that the account set forth in his certificate does not show the amount of work done upon each, so that no apportionment of his work can be made; and that one mortgage of the bakery was given to the Somerville Co-operative Bank by William N. Barstow, and another mortgage of the stable was given by Nellie E. Barstow to the bank after the work was begun and before the certificate was filed.

The respondent contended that the description covered only the bakery and did not include the stable; and asked the judge to rule that the description of the premises upon which the petitioner sought to enforce his lien was not sufficiently accurate for identification. The judge refused so to rule, and ordered that the lien be established; and the respondent alleged exceptions.

*G. E. Jacobs & H. D. Moore*, for the respondent.

*J. J. Higgins*, for the petitioner.

HAMMOND, J. The judge sitting without a jury declined to rule that the description of the premises contained in the petitioner's certificate was not sufficiently accurate for identification, and upon the evidence found for the petitioner.

It is manifest that the bill of exceptions does not recite all the evidence in the case; nor, although certain evidence material to the ruling requested is reported, does it appear that the bill contains all the evidence thus material. For aught that appears to the contrary, the judge may have been justified in finding upon the evidence that the stable was to be used for the keeping of teams connected with the bakery business, or that in some other way it was to be used in connection with that business. The term "bakery property" may properly be held to include not only those parts of the estate in which the process of baking is carried on or intended to be carried on, but also those other parts which are used or are intended to be used for storage, distribution, or other purposes connected with that business.

Since it does not appear that all of the evidence is before us, we cannot say as matter of law that there was error in declining to give the ruling requested by the respondent.

*Exceptions overruled.*