## Thomas E. D. Bradley v. Geo. Challoner's Sons Co.

1. EXECUTION SALE—*Terms of Sheriff's Sale.*—The terms of a sheriff's sale can not be other than for cash in hand. When the sheriff is notified that the bidder will not comply with his bid, he has a right to treat the matter as no sale and sell again; he is not obliged to make out and tender a certificate of sale, wait for his money or attempt to collect it in such way as he can.

2. SAME—*Sheriff May Hold Purchaser to His Bid.*—The sheriff may hold the purchaser to his bid, and thus make himself responsible to the creditor for the amount of the sale, and be bound to pay the sum at once, but he is under no obligation to do this; he may, upon the mere failure of the bidder to pay, re-advertise and sell.

3. SAME—*Waiver by Sheriff of Payment by Bidder.*—The sheriff, by receiving from the bidder the costs of re-advertising, and agreeing so to do, waives any right he has to compel a payment to him, and assents to the attempted sale being treated as naught.

Mandamus.—Error to the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed October 24, 1902.

J. B. HUTCHINSON, JAMES E. DAUGHTERS and ARTHUR W. BURNHAM, attorneys for plaintiff in error; YOUNG, MAKEEL, BRADLEY & FRANK, of counsel.

ALDEN, LATHAM & YOUNG, attorneys for defendant in error.

MR. JUSTICE WATERMAN delivered the opinion of the court.

In this contest between judgment creditors of one Crocker it appears that three judgments were obtained against Crocker; Bradley's, plaintiff in error, being last obtained.

This writ is prosecuted from a judgment awarding a peremptory writ of mandamus against the sheriff of Cook county, commanding him to advertise and sell certain real property. The appeal is by a judgment creditor who intervened in the court below, claiming that there had already been a sale under execution of the said real property, and that the execution delivered to the sheriff was by reason

of such sale *functus officio*. The sheriff has not appealed from the order awarding the mandamus nor does he complain of it.

The petition for the writ of mandamus sets forth the following : That the petitioner, who is the defendant in error, May 15, 1899, obtained a judgment against one James R. Crocker for $1,090.30, and that May 16, 1899, an execution was issued on said judgment and placed in the hands of the sheriff of Cook county for service; that August 14, 1899, this execution was returned by said sheriff " no property found and no part satisfied; " that October 13, 1895, one Francis S. Hall obtained a judgment against said James R. Crocker for $400, and April 10, 1899, had an alias writ of execution issued and placed in the hands of the sheriff of Cook county, who levied this writ on certain real estate described in the petition; that the real estate was duly advertised for sale, and May 9, 1899, was sold to said Francis S. Hall; that the judgment debtor, James R. Crocker, did not redeem said property from said sale; that August 2, 1900, which was fourteen months and twenty-four days after said sale under the execution issued on the judgment in favor of said Francis S. Hall, petitioner had an alias writ of execution issued on its said judgment and placed in the hands of Ernest J. Magerstadt, sheriff of Cook county, for service, and paid to said sheriff the amount for which certain of the lots were sold under said Hall's execution, with interest and costs, as provided by law, and thereby redeemed from said sheriff's sale under said Hall execution, a certain part of said property which is described in the petition, and that said sheriff advertised said property so redeemed for sale for August 28, 1900, at 10 o'clock A. M.; that on said last mentioned date, Hobert P. Young, representing the petitioner, who was the judgment creditor, attended said sale and bid in the property in the name of one W. C. Ruckman, for $205; that immediately after said bid was made, said Hobert P. Young notified said sheriff that said W. C. Ruckman would not comply with the terms of his bid and would not pay said $205 or any

part thereof; and that he would refuse to accept a certificate of purchase of said property; and thereupon said Hobert P. Young, representing the petitioner, requested the sheriff to re-advertise said property for sale, and the sheriff stated he would do so, and requested said Hobert P. Young to pay him $4 as the costs of re-advertising, and thereupon the said Hobert P. Young paid to the sheriff said sum of $4 to cover the costs of re-advertising said property for sale; that a short time thereafter the sheriff notified said Hobert P. Young that he would not re-advertise said property for sale under said alias writ of execution; that the sheriff, though often requested since to re-advertise and offer for sale and sell said property, refused so to do; that said W. C. Ruckman did not comply with the terms of his bid, nor did he pay to the sheriff the amount of his bid or any part thereof, nor was a certificate of purchase of said premises tendered or delivered by said sheriff to said W. C. Ruckman, or to any one in his behalf, but to pay the amount of his said bid or any part thereof, or to receive a certificate of purchase or in any way to comply with the terms of his said bid said Ruckman wholly and absolutely refused to do.

Thomas E. D. Bradley, plaintiff in error, intervened and answered the petition, setting forth that the bid of said Ruckman by Young was accepted by the sheriff and the property thereunder struck off to and declared by the sheriff sold to said Ruckman, and a written memorandum was made by the sheriff to that effect; that thereby he, Bradley, became entitled to redeem from said sale so made by the sheriff to petitioner, August 28, 1900.

Bradley, intervenor below and plaintiff in error here, in his answer, denied that said Hobert P. Young, immediately after he made said bid of $205, notified the sheriff that Ruckman would not comply with the terms of said bid, but answered that he believes it to be true that some time after said sale, as aforesaid, and long after the time when said sheriff had declared said premises sold to said petitioner upon the bid of said Young of $205, and after he, Bradley,

had made known to the sheriff that he desired to redeem from said sale, the petitioner refused to accept the redemption money deposited with said sheriff by defendant to redeem from the sale to petitioner on August 28, 1900; but defendant is advised that such neglect and refusal of petitioner is ineffectual to defeat defendant's right to redeem from said sale, or to prevent said sale from having full force and effect. In an amended answer, Bradley says that immediately after said bid and sale was made to said Ruckman, he, Hobert P. Young, notified the sheriff that said bid would not be complied with, and that a certificate of sale of said premises at said sale would be refused if tendered.

Defendant admits, as alleged in the petition, that he secured a judgment against said Crocker; that execution was issued thereon and that the sheriff advertised the premises for sale on said execution on November 27, 1900, as alleged in said petition.

Bradley, defendant in error, further says that October 26, 1900, he paid to said sheriff for the purpose of redeeming from the said sale of August 28, 1900, by said sheriff, under the petitioner's execution, the sum of $223.30, said sum being the amount necessary to redeem from said sale pursuant to the statute in such case made and provided, and said sheriff, pursuant to said statute, by virtue of defendant's redemption from said sheriff's sale of August 28, 1900, accepted from this defendant for the purpose of redemption as aforesaid, the said sum of $223.30 as redemption money from said sale of August 28, 1900, and thereupon, October 26, 1900, said sheriff made, and thereafter, November 2, 1900, filed in the office of the recorder of said Cook county, in due form of and according to law, a certificate of such redemption by this defendant, and said certificate of redemption was duly recorded in book 7085 of records, at page 296.

A demurrer to the second amended answer of the intervenor having been sustained, judgment was entered against the sheriff.

So far as mere words could do so, and perhaps so far as a mere written memorandum could make effectual what took place August 28, 1900, there was a sale by the sheriff to Ruckman. Actually there was no sale. The terms of the attempted sale could not be and were not other than for cash in hand. When Young notified the sheriff that Ruckman would not comply with his bid, pay money or receive a certificate of sale, the sheriff had a right to treat the matter as no sale and sell again; he was not obliged to make out and tender a certificate of sale, wait for his money or attempt to collect it in such way as he could. Herdman v. Cooper, 138 Ill. 583; Slater v. Lamb, 150 Mass. 239; Maher v. Ætna Life Ins. Co., 116 Ind. 486; Humphrey v. McGill, 59 Ga. 649.

He might have held Ruckman to his bid, and thus made himself responsible to the creditor for the amount of the sale and been bound to pay such sum at once. He was under no obligation to do this. He might, upon the mere failure of the bidder to pay, have re-advertised and sold. Murfree on Sheriffs, Sec. 997; Hermann on The Law of Executions, Sec. 211; Freeman on Executions, Sec. 301.

This is not a case where there has been a delivery of the property to the purchaser and therefore the sheriff is chargeable with the purchase price. See Disston v. Strauck, 42 N. J. Law, 546; Robinson v. Brennan, 90 N. Y. 208. There has been no delivery, but a consent to treat the matter as no sale, which, payment not being made, the sheriff could have done without the consent of the bidder.

The sheriff, by receiving $4 from the bidder as the costs of re-advertising, and agreeing so to do, waived any right he had to compel a payment to him and assented to the attempted sale being treated as naught. There having been only an attempt to sell, there could be no redemption from such attempt and the sheriff could not, after his acquiescence in the refusal of Ruckman to comply with his bid, re-vivify the attempted sale, by acceptance of redemption money from another judgment creditor. Having received the costs of a new advertisement and agreed to re-advertise, it became

his duty so to do, as requested by the plaintiff in the execution.

It is not contended that the sheriff has refused to return to plaintiff in error the money paid by him to redeem; nor that the sum so paid has been put beyond his reach.

The position of plaintiff in error is not that he fears that upon a re-sale a less amount will be bid, but, as he frankly says, his apprehension is that more will be bid and he consequently have to pay more if he redeem.

The application for a mandamus was properly made and the plaintiff in error properly allowed to intervene therein as a defendant.

The judgment of the Superior Court is affirmed.