JAMES DRISCOLL & another *vs.* LILLIAN M. FLOYD.

Norfolk.   November 19, 1913. — February 27, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Mechanic's Lien.*

A description in a statement of a mechanic's lien under R. L. c. 197, §§ 6, 7, of land on which labor and materials were furnished, by which it appears that the land is on the northerly side of a certain street in a town named and that on the land are buildings in process of construction numbered 73 and 77 on that street, seems to be sufficiently accurate to identify the property, and certainly is sufficient when there is added to it the name of the owner of the land and so far as appears the land in question is the only land owned by such person on that street.

PETITION, filed on April 14, 1911, and amended on October 15, 1912, to enforce a mechanic's lien for labor and materials furnished in building the foundations for certain houses on Kenwood Street in Brookline on land of the respondent.

In the Superior Court the case was tried before *Crosby,* J. At the trial the respondent asked the presiding judge to make the following rulings:

"1. The description of the land in the statement of lien does not contain a description of the property intended to be covered by the lien sufficiently accurate for identification and the petition must be dismissed.

"2. There is no evidence that the land described in the petition as amended is sufficiently similar to that described in the statement of lien to entitle the petitioners to maintain their petition."

The judge refused to make either of these rulings. The description of the land in the statement of lien is quoted in the opinion. In this description the land was said to consist of "lots on a plan numbered 14, 15, 16 and 17." Upon the plan referred to there were no numbers and the lots intended to be designated were marked with the letters "C, D, E and F."

The judge in his charge to the jury read R. L. c. 197, § 6, and instructed the jury as follows:

"The third issue is: 'Was the description of the property as set

forth in the statement of lien filed by the petitioners sufficiently accurate for identification?' You would answer that yes or no.

"The policy of the law is that a lien shall not be defeated although there may be an inaccuracy in the statement of the description of the property provided it is sufficiently accurate for identification or if it can be recognized, and for that reason the statute also provides that the validity of the lien shall not be affected by an inaccuracy in the statement relative to the property to which it attaches if such property can be reasonably recognized from the description. For that reason I have submitted to you the fourth issue which you are to consider and decide, namely: 'Can the property described in the statement of lien be reasonably recognized from the description?' If you find it can be, although it was not sufficiently accurate for identification, yet that would make it· sufficient to enable the petitioner to maintain his lien so far as the description of the property was concerned. If you find that this property as described in the statement of lien was not sufficiently accurate for identification and the description was so indefinite that it could not be recognized from the description, then it would not comply with the statute and the petitioner would not be entitled to maintain his lien — either of these petitioners. If you believe that it was either sufficiently accurate for identification or it could be easily recognized from the description, then the petitioners would maintain their case so far as that branch of the case is concerned."

The jury answered all the issues in the affirmative including the third and fourth issues quoted above in the extract from the judge's charge. The respondent alleged exceptions to the refusal of the two rulings requested by her, all other exceptions being waived.

*J. E. Eaton & E. T. McKnight,* for the respondent, submitted a brief.

*P. O'Loughlin,* for the petitioners.

DE COURCY, J. The respondent asked the trial judge to rule as follows: "The description of the land in the statement of lien does not contain a description of the property intended to be covered by the lien sufficiently accurate for identification and the petition must be dismissed." The requirement of the lien statute on this subject is that the statement, which must be filed in the registry of deeds, shall give "a description of the property

intended to be covered by the lien sufficiently accurate for identification;" and it further provides that "The validity of the lien shall not be affected by an inaccuracy in the statement relative to the property to which it attaches, if such property can be reasonably recognized from the description." R. L. c. 197, §§ 6, 7. It was said by this court in *Dodge* v. *Hall,* 168 Mass. 435, that "a description is sufficient which will enable one who is familiar with the locality to identify the land with reasonable certainty; and inaccuracies will not vitiate the lien, if the land can be so identified." In that case the question arose under the petition to enforce the lien, which the statute required to contain "a description of the premises subject to the lien." Pub. Sts. c. 191, § 13. R. L. c. 197, § 9. In *Cleverly* v. *Moseley,* 148 Mass. 280, the statement identified the lot by the house thereon, "the first two stories being of stone and the third story of wood, the same being the first house on Englewood Avenue from Roxbury Avenue." In fact the house was not on the line of Englewood Avenue, but about three hundred feet northerly thereof, and another house was being erected nearer to Roxbury Avenue. In that case the limits and boundaries of the lot were not set out in the statement, but this the court said was "immaterial, if, upon identifying the place, they could with reasonable effort have been otherwise ascertained," as from "the way in which the land was used, or from recorded deeds, or in some other way." And it was further said that it was for the jury "to interpret the evidence, and apply the description to it, and determine upon the facts, as they might find them, whether the lot could have been reasonably recognized from the description taken as a whole." See also *York* v. *Barstow,* 175 Mass. 167; *Lays* v. *Hurley,* 215 Mass. 582.

In the case at bar the lot of land on which the labor and materials were furnished and used in the construction of buildings, was described in the statement as follows: "Southerly by Kenwood Street in Brookline in the County of Norfolk, easterly, westerly and northerly by land now or late of David S. Coolidge. Being lots on a plan numbered 14, 15, 16 and 17. The buildings thereon in process of construction are numbered 73 and 77 on said Kenwood Street. Said lot of land being owned to the best of my knowledge and belief by Lillian M. Floyd of Waltham, Massachusetts." This directs us to the northerly side of Kenwood Street

in Brookline, and to a lot of land on which there are buildings in the process of construction, which are numbered 73 and 77 on that street. This would seem enough to identify the lot even without the additional fact that the lot in question is owned by Lillian M. Floyd, and so far as appears is the only land owned by her on that street. For the boundaries of the lot we may properly refer to the defendant's deed, which is in evidence. The jury have answered the third and fourth issues under instructions to which no exception was taken. They have found that the description was sufficiently accurate for identification; and plainly we cannot say as matter of law that they were wrong.

The respondent was not entitled to the second ruling requested. As above appears, the jury were warranted in finding that the land was sufficiently described in the statement. The petition to enforce the lien must be considered on its own merits. The sufficiency of the description contained therein is apparent on inspection. Even if there had been an error in the petition, the court might have allowed an amendment; as was done in this case. R. L. c. 197, § 14. Lummus on Liens, § 277. *Buck* v. *Hall*, 170 Mass. 419.

*Exceptions overruled.*