453 P.2d 759

**The FIRST NATIONAL BANK OF BOSTON, a national banking association, Plaintiff-Appellee,**

**v.**

**Norwood L. GARRETT, d/b/a Garrett Glass Company, Defendant-Appellant,**

**John A. FLEMING, Morris V. Birchfield, and Paul C. Newell, individually and as Trustees of Miriam A. Clark Trust, Third-Party Defendants-Appellants.**

**No. 8683.**

Supreme Court of New Mexico.

April 14, 1969.

Rehearing Denied May 12, 1969.

B. J. Baggett, Farmington, S. V. O. Prichard, Sunland, Cal., for third-party defendants-appellants.

Marvin Baggett, Jr., Farmington, for defendant-appellant.

Modrall, Seymour, Sperling, Roehl & Harris, Daniel A. Sisk, Albuquerque, for plaintiff-appellee.

## OPINION

CARMODY, Justice.

On August 11, 1964, the litigation involving the parties to this case was concluded by the entry of judgment, decree of foreclosure, order of sale, and appointment of a special master. On October 26, 1964, the court approved a special master's report and confirmed the foreclosure sale. The order directed that the special master pay the sum of $605,000.00 to the appellee "in partial satisfaction" of its judgment. The judgment which was foreclosed was slightly in excess of $787,000.00 in favor of the appellee as first mortgagee, and also contained judgment of over $266,000.00 in favor of the second mortgagee and judgments to certain lien claimants in the sum of approximately $30,000.00. In August and September of 1967, appellants, being the second mortgagee and one of the lien claimants, filed motions to set aside the judicial sale of the property. These motions were grounded upon the fact that the property was not sold to the appellee bank but was struck down to two persons who paid no amount whatsoever as consideration for the sale. The substance of appellants' contention is that the court approval of the special master's report was improper because the sale was conducted in a manner which could not have been authorized by the court. The trial court, after a hearing on the motions, denied the same and this appeal followed.

Appellants state that the issue on appeal is whether or not the trial court had jurisdiction to order the property sold for no consideration. Appellants misstate the problem. The fact that the special master did not receive actual cash does not necessarily mean that there was no consideration for the sale of the property. To the contrary, the order approving the sale specifically directed that the proceeds be paid to the First National Bank of Boston "in partial satisfaction" of its judgment. There is no contention but that the appellee's judgment was satisfied to the extent of $605,000.00. In view of this, we find it impossible to agree with the appellant that there was no consideration paid for the sale of the property.

In addition, as though the above were not sufficient, the appellants did not offer to prove, nor do they claim that the price bid was inadequate, or that there was any unfairness in the manner in which the sale was consummated. Neither of the appellants was prejudiced, because appellee, as first mortgagee, was still entitled to some $180,000.00 over and above the amount of the sale before either of the appellants would be entitled to share in the proceeds of the sale. Actually, the appellant Garrett would have no standing to share until both the aforementioned $180,000.00 and the additional amount to which

the mortgagee appellants were entitled amounting to over $266,000.00 were satisfied. All of these circumstances were presented to the trial court, who, incidentally, was the same judge who originally tried the case and approved the report of the special master. The judge was satisfied, even though the report of the special master contained obvious inaccuracies, that these irregularities were not sufficient to justify voiding the sale, McCloskey v. Shortle, 41 N.M. 107, 64 P.2d 1294 (1937); see, also, Ballew v. Denson, 63 N.M. 370, 320 P.2d 382 (1958); and thus that there was no loss of jurisdiction as claimed by appellants. We would also observe in connection with the proceedings in the trial court that no effort was made by appellants to prove any matters which might have warranted setting aside the sale, nor did appellants tender or offer to do equity.

Strangely enough, the exact problem posed in this case does not seem to have arisen in the reported cases throughout the country, other than one hereinafter cited. However, it seems to be pretty well established that one seeking to set aside a judicial sale must allege and prove the manner in which the sale has prejudiced the applicant, and, failing in such proof, the sale will not be set aside. Compare, Olson v. Tax Service Corporation, 102 Colo. 75, 76 P.2d 1113 (1938); Wurm v. John J. Reilly, 102 N.H. 558, 163 A.2d 13, 86 A.L.R.2d 286 (1960); and Williams v. Continental Securities Corporation, 22 Wash.2d 1, 153 P.2d 847 (1944); and see generally Annots., 40 L.Ed. 721 and 2 A.L.R.2d 6.

■ The one case, mentioned above, that is closely in point on the facts is Cleveland Mortgage & Investment Co. v. Gage, 144 Fla. 758, 198 So. 677 (1940), in which there had been approval of a sale of property for $20,000.00 involving a foreclosure to satisfy a $63,000.00 judgment. In that case, as in this, no money was paid over, but the amount of the bid was credited against the amount of the judgment. Under those circumstances, although the court noted the erroneous statements of fact made to the lower court and confirmation based thereon, the court would not set aside the sale which had occurred some six and a half years before. Although based in part upon other grounds and earlier Florida cases, the court stated:

"* * * There was no offer to pay the amount of the final decree with interest, nor has it been shown that the movant here has sustained an injury."

The above statement applies equally here, and we decline to interfere with the discretion exercised by the trial court. We would mention that, in the instant case, almost three years elapsed between the sale and appellants' motions; but, under the circumstances here present, this fact alone is not the principal basis of our decision.

The judgment of the trial court will be affirmed. It is so ordered.

NOBLE, C. J., and COMPTON, J., concur.