(No. 2372.     Feb. 2, 1920.)

# ALBUQUERQUE & CERRILLOS COAL CO. et al v. LERMUSEAUX et al.

### SYLLABUS BY THE COURT

1.    The venue of a claim for compensation under the Workmen's Compensation Act (chapter 83, Laws 1917) is in the county wherein the occupation or pursuit is carried on in which the workman was employed when injured, and the
P. 690

2.    Jurisdiction of the court over the subject is a matter which goes to the right of the court to act at all, and this question can be raised at any time, while jurisdiction of the court over a particular case must be raised at the proper time and in the proper manner in the court in which the action is pending.  As the district courts of the state have jurisdiction of claims under the Workmen's Compensation Act, the filing of the claim in the district court of the wrong county is waived, where the matter is not raised in such court.
P. 690

3.    Where an employer against whom an award is made under the Workmen's Compensation Act fails to object in the district court to the award on the ground that it is excessive, such question cannot be raised in the Supreme Court for the first time.     P. 693

Error to District Court, Bernalillo County; Hickey, Judge.

Proceeding under the Workmen's Compensation Act by Marie Lermuseaux and another to recover for the death of Lewis Lermuseaux, opposed by the Albuquerque & Cerrillos Coal Company, employer, and the Interstate Casualty Company, insurer. Judgment for plaintiffs, and defendants bring error. Affirmed.

THOS. K. D. MADDISON, of Albuquerque, for plaintiffs in error.

HEACOCK & GRIGSBY, of Albuquerque, for defendants in error.

## OPINION OF THE COURT

PARKER, C. J. This case is brought here by writ of error to the district court for Bernalillo county to review a judgment rendered against the Albuquerque & Cerrillos Coal Company, defendant, and the Interstate Casualty Company, insurer, and in favor of the widow and son of Lewis Lermuseaux.

The claims of the defendants in error, hereinafter called the plaintiffs, alleged their relationship to and dependency upon the deceased; that the deceased was killed on July 31, 1918, "at or near Madrid or Waldo, N. M.," while engaged in the employment of the defendant; and specified the manner and cause of death, and the average weekly wage of the deceased as $75. The defendant and the insurer answered, admitting the death of the deceased, the infliction of the injury in the manner specified in the claims, and the employment of the deceased, but denied all other matters set out in the claims. The claims of the plaintiffs were consolidated, and judgments were rendered in favor of each plaintiff against the defendant and the insurer.

For the first time in this court the proposition is raised as to what court has original jurisdiction of claims under the Workmen's Compensation Act (chapter 83, Laws 1917). The defendant and the insurer contend that,

as the injury to the deceased, resulting in his death, occurred in Santa Fe county, the venue of the proceeding is in the district court of Santa Fe county, and not in the district court of Bernalillo county. The parties have stipulated that the plaintiffs are residents of Sandoval county, and were such residents at the time of the filing of said claims; that the principal office of the defendant and insurer are in Bernalillo county, and that "Madrid and Waldo" are in Santa Fe county.

The failure of the Legislature to specify with any degree of exactness the venue of such suits under the said act is the occasion for the contention of the defendant and the insurer that the district court of Bernalillo county was without jurisdiction to hear and determine the said claims. An examination of the act discloses that the Legislature in at least one particular instance made use of language negativing the idea that the claimant might file his claim in any district court of his own choosing, for by the second paragraph of section 24 it is provided that "the district court in which the right to compensation provided herein is enforceable shall at all times have the right and power to authorize, direct or approve" settlements and compromises.

The Legislature evidently did not intend that jurisdiction of all claims was conferred upon all the district courts but did intend that the right of each particular district court to hear and determine a given claim was dependent upon certain jurisdictional facts and circumstances. What those facts and circumstances are is a troublesome question, for its solution must be obtained from a construction of various loosely drawn sections of the act. Section 2, among other things, provides that any employer, not engaged in an extrahazardous occupation, may become bound by the act by written agreement "filed in the office of the clerk of the district court of the county in which such occupation or pursuit is carried on." Section 3 provides for the filing of insurance or security by the employer in the office of the clerk

of the district court for the county in which the employer's workmen are employed, or the county wherein the employer anticipates. that such workmen will be employed. Where the employer is a public utility corporation doing business generally throughout the state, the insurance or security may be filed in the office of the clerk of the district court of the county wherein the principal place of business of the corporation is situated.

Section 16 has to do with the filing of claims by dependents of deceased workmen, and refers to section 13 for the procedure governing the same. Section 13 requires injured workmen claiming compensation under the act to file his ''claim therefor in the manner and within the time hereinafter provided.'' The only reference to the court in which the claim is to be filed in this section is ''in the office of the clerk of the district court.'' The claim is then docketed in such court, and 20 days is allowed to the employer and the insurer to answer. Upon request under certain limitations, the hearing may be held ''at a time and place to be fixed by order of court in the county where the injury occurred, or upon agreement of the parties at some other place in the district court.''

,The sections thus far considered leave room for speculation as to the proper venue for claims for compensation, although the inference is strong that not the residence of the parties governs, but the place where the employment is carried on. Everything the employer is required to do under the act must be done in the county where the ''occupation or pursuit is carried on,'' except in certain instances, and such place may or may not be the same as the place where the employer resides, or where its principal place of business is located. Section 14, however, resolves all doubts as to the legislative intent on the subject. That section is as follows:

"In the event an employer has failed or neglected to file in the office of the clerk of the district court the bond or other

undertaking, * * * such claim may be filed in the office of the clerk of any county where the injury occurred or where claimant or such employer resides, as the claimant may elect. * * *"

The words "in the office of the clerk of any county," it is patent, mean in the office of the clerk of the district court of any county. The inference heretofore mentioned as to the legislative intent gathered from sections other than section 14 is thus fortified, and we are no longer confronted by an inference, but may proceed upon a clear legislative declaration.

[1] Section 14 would be entirely superfluous, had the Legislature intended that the claimant might, at his option, file his claim in any district court of his own choosing, or that the venue of claims was dependent upon the residence of the parties. The legislature intended by the use of such language to lay the venue of all claims, other than those affected by the circumstances specified in section 14, in the district court of the county wherein the occupation or pursuit is carried on in which the workman is employed when injured.

[2] But must the judgment herein be reversed because the claimant filed his claim in the wrong county, and his right to compensation was there adjudicated without objection? The proceeding for compensation, under the act in question, it is true, is a special proceeding, unknown to the common law and nonexistent at the time the Constitution was adopted. Jurisdiction, under the act, is conferred upon the district courts of the state, and all the district courts have jurisdiction of the subject, or the general class of such actions. It may be that the district court of Bernalillo county would not have jurisdiction of a claim for compensation, where the workman was employed in another county and the injury incurred there, but that would be simply lack of jurisdiction of the subject-matter in a particular case, which we shall show could be and was waived by a failure to object timely on that ground. In a proper case the dis-

trict court of Bernalillo county would have had jurisdiction, not only of the class of cases, but of the particular suit wherein its jurisdiction was invoked. Want of jurisdiction because the court has no power and authority to adjudicate upon the subject involved in the action may be raised at any time and at any stage of the proceeding, for consent could not confer jurisdiction upon a tribunal to determine questions, the decision of which the Legislature had not intrusted to such tribunals. In section 501, Elliott's Appellate Procedure, the author says:

"The confusion and obscurity which exists, and which is so great as to constitute what may not inappropriately be called a legal puzzle, may be cleared away and removed by discriminating between jurisdiction of the subject and jurisdiction of the subject-matter of a particular case. This is the key to the situation. The principle that there is jurisdiction of a class and also jurisdiction of a particular subject-matter is a reasonable one, and is recognized in logical treatises. An objection that there is no jurisdiction of the subject—that is, of the general class—reaches the competency of the court and may be made at any time, since, if the court is not competent to entertain authority over the class, it is, as to that class, as if there were no court. As an illustration of a case where a court is incompetent because of want of authority may be taken the instance of a justice of the peace assuming to exercise jurisdiction in a case of purely equitable cognizance. In such a case it is proper to hold that the question of jurisdiction may be made in the first instance in the appellate tribunal. As a case illustrating the rule that where there is general authority over the subject no objection of a jurisdictional character, not in some mode presented to the trial court, may be taken that of a party liable to an action in the county where the wrong was committed voluntarily and without objection submitting it to a trial in a different county."

At section 502 it is said:

"It seems that the just conclusion is that, if the particular case is one within the general subject over which jurisdiction is conferred, the presumption did attach, but, if it is not, then the presumption never prevailed. If it never could have prevailed, of course, it could not continue, and the objection may be successfully pressed as an original one on appeal."

From the foregoing it will be observed that jurisdiction of a court over the subject is a matter which goes to the right of the court to act at all, and this question can

be raised at any time, while jurisdiction of the court over a particular case must be raised at the proper time and in the proper manner in the court in which the action is pending. A party will not be permitted to proceed in the district court, upon the assumption that such court has jurisdiction of the particular case, and there litigate out with his adversary the rights of the parties, and,failing to secure the full relief to which he conceives himself entitled, then assert for the first time, in an effort to escape from the consequences of the judgment which by his silence he invited the court to render, that the court which rendered the judgment did not have jurisdiction of the particular case. In 40 Cyc. 111, it is said:

"However, according to the better rule, supported by the weight of authority, the bringing of an action in an improper county or district is not a jurisdictional defect, where the court has general jurisdiction of the subject-matter, and that the statutes fixing the venue in certain actions confer a mere personal privilege which may be waived."

And on page 113 of the same volume:

"In accordance with the rule just stated, it has been held that an objection on the ground that the action is brought in the wrong county is waived by a general appearance and submission to the jurisdiction."

The Supreme Court of the United States has uniformly held, where the subject-matter was within the jurisdiction of the court, the requirement as to the particular district within which the suit should be brought was but a "modal and formal one," which could be waived, and was deemed to have been waived, in the absence of specific objection upon such ground before pleading to the merits. United States v. Hvoslief, 237 U. S. 1, 35 Sup. Ct. 459, 59, L. Ed. 813, Ann. Cas. 1916A, 286; St. Louis etc., Ry. v. McBride, 141 U. S. 127, 131, 11 Sup. Ct. 982, 35 L. Ed. 659; Central Trust Co. v. McGeorge, 151 U. S. 129, 133, 14 Sup. Ct. 286, 38 L. Ed. 98; Martin v. Balt. & Ohio R. R., 151 U. S. 673, 688, 14 Sup. Ct. 533, 38 L. Ed. 311; Interior Construction Co. v. Gibney,

160 U. S. 217, 220, 16 Sup. Ct. 272, 40 L. Ed. 401; Western Loan Co. v. Butte & Boston Mining Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101; Arizona & New Mexico Ry. v. Clark, 235 U. S. 669, 674, 35 Sup. Ct. 210, 59 L. Ed. 415, L. R. A. 1915C, 834; Toledo, Wabash & Western Ry. Co. v. Williams, 77 Ill. 354; Kinney v. Greer, 13 Ill. 432, 54 Am. Dec. 439; McMinn v. Hamilton, 77 N. C. 300; De La Vega v. League, 64 Tex. 205. In the case of State v. Balles, 24 N. M. 16, 172 Pac. 196, this court held that, where a defendant secures a change of venue to a county of his own choosing, he cannot in this court question the regularity of the trial in such county.

In the instant case the subject-matter was within the jurisdiction of the district court of Bernalillo county, the defendant appeared to the action and defended on the merits, it failed to advise that court that it objected to assumption of jurisdiction, and for the first time in this court assails the jurisdiction of that court to hear the cause. From the foregoing it will be seen that the objection comes to a late; that defendant should have raised the question at its first appearance in that court.

[3] It is lastly urged that the court erred in fixing the amount of the weekly compensation, but this question was not raised below, and will not be considered here. Propositions not raised in the trial court will not be considered on appeal, unless jurisdictional. James v. County Comrs., 24 N. M. 509, 512, 174 Pac. 1001; Woods v. Fambrough, 24 N. M. 488, 490, 174 Pac. 996; Morstad v. A., T. & S. F. Ry. Co., 23 N. M. 663, 673, 170 Pac. 886; State v. Graves, 21 N. M. 556, 563, 157 Pac. 160.

For the reasons stated, the judgment will be affirmed; and it is so ordered.

ROBERTS, J., concurs.