219 P.2d 285

GEORGE v. MILLER & SMITH, Inc., et al.

No. 5263.

Supreme Court of New Mexico.

June 8, 1950.

W. T. O'Sullivan, Albuquerque, Joseph L. Smith, Albuquerque, for appellant.

·Simms, Modrall, Seymour & Simms, Albuquerque, James E. ˙Sperling, Albuquerque, for· appellees.

Rodey, Dickason & Sloan, Frank M. Mims, Jackson G. Akin, all of Albuquerque, amici curiae.

LUJAN, Justice.

The plaintiff (appellant)˙ filed a claim under the Workmen's Compensation Act, 1941 Comp. § 57-901 et seq., in the District Court of Bernalillo County for an injury sustained while working as structural steel construction ʹforeman in erecting a steel bridge across the Rio Grande River near Otowi, New Mexico. He alleged that said injury has caused him total disability.

The defendants (appellees) answered jointly. They admitted that the appellant suffered an injury by accident arising out of and in the course of his employment and the amount of his weekly earnings. They denied the extent and permanency of the injury. By way of new matter, they alleged that the plaintiff had been paid compensation continuously at the rate of $22.00 per week from March 12, 1948 to the date of filing of the claim, except for the period from November 7, 1948 to February 7, 1949, during which time the plaintiff worked at his regular employment. They further alleged, that in addition to the weekly compensation paid to the plaintiff, they had defrayed all necessary expenses incurred for medical attention in accordance with the provisions of the act, and that the plaintiff has no

claim against them. They prayed for a dismissal of the claim.

On September 30, 1949, the trial court heard the parties upon questions of law raised by the respective pleadings and at the conclusion of said hearing it made and entered an order dismissing plaintiff's claim on the ground that it had been prematurely filed. From this order plaintiff appeals.

The plaintiff argues that although the maximum workmen's compensation benefits, to which he is entitled, are being regularly paid by the defendants, as provided by the act, nevertheless, he has the right to invoke the jurisdiction of the court, at any time he elects to do so, for the purpose of having the court determine the permanency of his disability and the amount and duration of such benefits.

On the other hand the defendants contend that, inasmuch as the plaintiff was being paid maximum compensation to which he was entitled under the law governing the case at bar, no suit could be instituted to have the amount of compensation and the period of time, during which payments were to be made, definitely fixed, so long as the maximum compensation was being regularly paid. The correctness of this contention cannot be gainsaid.

█ In interpreting a statute the intent is to be first sought in the meaning of the words used, and when they are free from ambiguity and doubt, and express plainly, clearly and distinctly the sense of the legislature, no other means of interpretation should be resorted to. Section 57-913, 1941 Compilation, reads as follows: "The compensation herein provided shall be paid by the employer to any injured workman entitled thereto in monthly instalments as nearly equal as possible excepting the first instalment which shall be paid not later than thirty-one (31) days after the date of such injury. * * * *In event such employer shall fail or refuse to pay the compensation herein provided to such workman* after having received such notice, or, without such notice when no notice is required, it shall be the duty of such workman, insisting upon the payment thereof, to file a claim therefor in the manner and within the time hereinafter provided. * * * In event of the failure or refusal of any employer to pay any workman entitled thereto any instalment of the compensation to which such workman may be entitled under the terms hereof, such workman shall be entitled to enforce the payment thereof by filing in the office of the clerk of the district court a claim which shall be signed and sworn to by the injured workman. * * *"

█ Thus it will be seen that in order to confer jurisdiction in the district courts, the employer must have either failed or refused to make compensation payments

to the injured workman as provided in the Act before he is entitled to file a claim. Consequently, so long as the employer continues to make the maximum compensation payments to the injured workman he cannot properly institute a suit to fix the period of time or the amount to be paid therefor. We are of opinion, and so hold, that the court did not err in dismissing the plaintiff's claim.

It is next contended that the trial court erred in denying the plaintiff a trial by jury on the issue of additional expenses incurred by him for psychiatric examination and treatment.

■ All medical expenses had been paid by the defendants up to February 7, 1948 the date when the injured workman returned to his regular employment. The record discloses that when the plaintiff filed his claim for compensation on February 24, 1949, he did not at that time claim any additional expenses for medical care. He did, however, on October 12, 1949, file a statement from Dr. Thomas L. Gore, for neuro-psychiatric examination and treatment rendered the plaintiff, from February to August 1949. He did not request additional medical treatment from his employer nor did he apply to the district court for an order requiring the employer to furnish such additional services as required by Section 57-919 of 1941 Compilation. Consequently, it is apparent that the statute had not been complied with. This is a special proceeding and additional medical services are to be paid by the employer and his insurer only under the terms of the statute. If the terms of the statute relating to such payments have not been met, then, of course, the court cannot order the payment therefor.

■ Although the trial court did not pass upon the question of additional medical services, it, nevertheless, ruled that this was a matter for the court and not for a jury to determine. We are of the opinion that the court was correct in so holding.

Finding no reversible error, the judgment is affirmed and it is so ordered.

BRICE, C. J., and SADLER, McGHEE, and COMPTON, JJ., concur.