245 P.2d 833

**STATE v. BARNETT et al.**
No. 5516.

Supreme Court of New Mexico.
June 24, 1952.

Gore, Babbitt & Nieves, Quinn & Cox, Clovis, for appellants.

Joe L. Martinez, Atty. Gen., Hilario Rubio, Asst. Atty. Gen., James C. Compton, Asst. Dist. Atty., Portales, for appellee.

McGHEE, Justice.

The defendants were convicted of the offense of hunting game on the purportedly posted lands of L. C. Moss.

Moss published and posted notices in the English language only that his lands were posted against hunting game thereon under the provisions of Sec. 43–405, N.M.S.A. 1941 Comp., which reads:

"Whenever the owner or lessee within any enclosure or pasture in the state of New Mexico shall desire to protect or propagate game birds, animals, or

fish within said enclosure or pasture he shall publish notices in both English and Spanish, warning all persons not to hunt or fish within said enclosure or pasture, which notices shall be by hand bills posted in as least six [6] conspicuous places on said premises, by publication for three [3] consecutive weeks in some newspaper of general circulation in the county wherein said premises are situated. After the publication and posting of such notices it shall be unlawful for any person to enter upon said premises or enclosure for the purpose of hunting or fishing, or to kill or injure any birds, animal or fish within such enclosure or pasture at any time without the permission of such owner or lessee, and any person violating the provisions of this section shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than fifty dollars ($50.00) nor more than one hundred dollars ($100.00) or by imprisonment for not less than thirty [30] days nor more than sixty [60] days, or by both such fine and imprisonment in the discretion of the court."

This section was passed as Sec. 10, Ch. 85, Laws of 1912, but in the 1915 Codification the word "and" was dropped between the words "premises" and "by;"

appearing in the first sentence of said section, but while immaterial here, it should still be considered a part of the statute.

While the owner of land may prohibit one from hunting wild game thereon, such hunting is not a criminal offense except as made so by statute. By virtue of the posting statute above set out it is provided *after* the publication and posting of the notices it is then an offense punishable by a substantial fine or jail sentence or both, for one to hunt on such land without the consent of the owner. In other words, by publishing a notice in English and Spanish, and the posting of handbills in English and Spanish in six conspicuous places on the premises, the owner puts in effect on his property a penal statute which protects him against trespassers and, in practical effect, makes the game on his land his own, subject to the game laws and regulations of the State Game Commission.

We are committed to the doctrine that criminal statutes must be strictly construed. State v. Armijo, 19 N.M. 345, 142 P. 1126; State v. Couch, 52 N.M. 127, 193 P.2d 405. Such is also the rule of the common law. There is more reason for the rule here where a private citizen may, at his option put in force a criminal statute on his land. Reason dictates that when he is granted such privilege he must

strictly follow the statutory prerequisites to bring the statute into play.

The Attorney General and Assistant District Attorney argue that as the defendants have Anglo names, they were, no doubt, able to read the signs, and we should by statutory construction say "both" means "either." They even go so far as to say the contention of the defendants that the statute did not have effect on the lands of Moss because the notice and signs were in English only is absurd. The statute is plain and unambiguous. There is no room, therefore, for construction. Hendricks v. Hendricks, 55 N.M. 51, 226 P.2d 464; George v. Miller & Smith, Inc., 54 N.M. 210, 219 P.2d 285. Both means both, not either. We are of the opinion the claim of the defendants is sound and, it being admitted the posting was defective as above set out, the information should have been quashed for the reason the statute was not operative on the land of Moss.

The judgment of conviction will be reversed and the cause remanded to the District Court with instructions to discharge the defendants.

It is so ordered.

LUJAN, C. J., and SADLER, COMPTON and COORS, JJ., concur.