273 P.2d 750

STATE ex rel. MOUNTAIN STATES MUT. CAS. CO.

v.

SWOPE.

No. 5819.

Supreme Court of New Mexico.

Aug. 18, 1954.

554

Simms & Modrall and Vance Mauney, Albuquerque, for petitioner.

Joseph L. Smith, Lorenzo A. Chavez and Arturo G. Ortega, Albuquerque, for respondent.

LUJAN, Justice.

M. L. Drinkard, on October 10, 1951, suffered an injury by accident arising out of and in the scope of his employment while working for the W. T. Bookout Construction Company. From the time of his injury up to and including February 28, 1954, The Mountain States Mutual Casualty Company, insurer for the above construction company, paid all compensation payments due up to that time. The adjuster for the insurance company personally delivered this check for the February 28th instalment and told Drinkard that he would receive no further checks if he did not settle for $3000. He testified as follows:

"*     *     *     *     *     *

"Q. Has there been any time since you were injured that the insurance company, The Mountain States Mutual Casualty Company, has not paid you the $30.00 per week? A. Well, I'll tell you. I've got the checks, but the last time the field man come to my house, I told him to keep coming up now until we filed suit against him. He told me—this will be the last check that you'll git, if you don't settle for $3,000.00. He said—*I can't offer you that myself, but we could probably do that,* but if you can't do that they won't be any more checks. And I said—well, that's alright with me, and I said *     *     * and he said—if you want to get your attorney, if you've got one, he said—that's your privilege; but he said this is the last check."

The foregoing conversation necessarily took place between February 28th, the date of the check, and March 1st, the date the check was cashed. Thereafter Drinkard (claimant) continued to receive all compensation payments due him to the present time in so far as the record shows.

On March 4, 1954, after receiving his compensation payment which became due and payable on February 28, 1954, and which was cashed by him March 1, 1954, he filed his present cause of action. The

insurance company filed its answer alleging payment of all compensation payments due, medical expenses, and the defense of premature filing of suit. Thereafter, the insurer filed a motion to dismiss said claim on the ground that the court did not have jurisdiction to hear the same. This motion was denied. On July 2, 1954, this court issued an alternative writ of prohibition directed to the Honorable Edwin L. Swope, Judge of the Second Judicial District, commanding him to refrain, desist and withhold from proceeding further in the matter, or show cause why the alternative writ should not be made absolute. It is on this state of the record that the matter comes before this court.

The Mountain States Casualty Company (petitioner), contends that the trial court had no jurisdiction to hear and determine the issues in the cause, and we agree with such contention.

Section 57–918, provides in part as follows:

"*  *  *  but for any such injury for which compensation is payable under this act (§§ 57–901–57–931), the employer shall in all proper cases, as herein provided, pay to the injured workman or to some person authorized by the court to receive the same, for the use and benefit of the beneficiaries entitled thereto, compensation *at regular intervals of no more than sixteen (16) days apart,* in accordance with the following schedule, *  *  *.*" (Emphasis supplied.)

The record discloses that the compensation payment to which the claimant was last entitled, before suit, became due and payable on February 28, 1954, and that it was duly paid on that date. Therefore, the next regular compensation payment or instalment would not become due and payable, as provided by the act, until March 14, 1954; it was made on that date and the check cashed by claimant on March 15th. This particular instalment was not due and payable when the suit was instituted, consequently, the suit was premature.

To permit suits to be filed, as in the instant case, would be to condone a circumvention of the letter and spirit of the act itself, which we decline to do.

Section 57–913, among other things provides:

"*  *  *  *In event of the failure or refusal of any employer to pay any workman entitled thereto any instalment of the compensation to which such workman may be entitled* under the terms hereof, such workman shall be entitled to enforce the payment thereof by filing in the office of the clerk of the district court a claim which shall be signed and sworn to by the injured workman or some one on his behalf

before any officer authorized to administer oaths, and filed not later than one (1) year after such refusal or failure of the employer so to pay the same. Such claim shall be informal in character and shall set forth sufficient facts for the determination of the same, and if defective in any particular may be corrected by the court or by the claimant at any time before being heard." (Emphasis ours.)

Counsel for claimant says in his brief:

"* * * In the case at Bar it is the contention of respondent that in the proceedings below which gave rise to this matter, there was a refusal to pay compensation within the purview of the part of the New Mexico Workmen's Compensation Act, hereinbefore quoted thus giving the claimant in the matter below the right to file his claim *even though, in fact, there was no failure to pay the compensation as the matter finally resulted."* (Emphasis ours).

In short, claimant asserts that the word "or" between the words "failure" and "refusal" means that there can be a suit filed under such circumstances as here presented, even though maximum compensation payments to claimant are made at all times. We cannot accept this interpretation of the act. In our opinion the use of the word "or" as above referred to, expressed the legislative intent that

upon failure to pay compensation when due, claimant's right to bring suit matured, whether or not that failure was intentional (by way of "refusal") or inadvertent (such as failure resulting from slow or careless handling of the claim by employer or insurer).

In the light of the foregoing construction of the act the threats made by the unscrupulous adjuster for the insurance company hereinabove quoted were not equivalent to a failure or refusal to pay compensation payments when due as provided for by Section 57–918, supra.

There can be no question but that the phrase "failure or refusal" of any employer to pay any workman entitled thereto any instalment of the compensation to which such workman may be entitled under the terms hereof, means that the employer or insurer must continue to make compensation payments at regular intervals of not more than sixteen days apart and if they fail or refuse so to do, whether intentionally or inadvertently, when the instalment becomes due and payable then the workman may file his claim as provided for in the act and not before.

The opposite result would be reached in this case if the adjuster, whose action we do not defend, had refused to deliver the February 28th check because claimant would not agree to the proposed settlement.

We held in the workmen's compensation case of George v. Miller & Smith, 54 N.M. 210, 219 P.2d 285, that in order to confer jurisdiction in the district courts, the employer must have either failed or refused to make compensation payments to the injured workman as provided in the act before he is entitled to file a claim, and we reaffirm that holding.

It follows from what has been said that the alternative writ of prohibition should be made peremptory.

It is so ordered.

McGHEE, C. J., and SADLER, COMPTON and SEYMOUR, JJ., concur.