320 P.2d 382

**J. R. (Pat) BALLEW, Plaintiff-Appellant,**

**v.**

**Carl DENSON, James Enyeart and Vonnie Bell Hannah, Defendants-Appellees.**

No. 6275.

Supreme Court of New Mexico.

Jan. 7, 1958.

Joseph O. Walton, Hobbs, for appellant.

Neal & Neal, Hobbs, for appellees Carl Denson and Vonnie Bell Hannah.

Edwards & Reese, Hobbs, for appellee James Enyeart.

COMPTON, Justice.

Appellant, plaintiff below, appeals from a judgment dismissing his complaint in ejectment and quieting title to the premises involved in appellees.

Appellees' answer to the ejectment complaint denied all substantive matters and by affirmative defenses asserted title in

themselves by virtue of a special master's deed following foreclosure of certain judgment liens against appellant in cause number 12,045 of the district court of Lea County wherein Me-Tex Supply Company, et al., were plaintiffs and appellant and others were defendants. Appellees also invoked the doctrine of estoppel as an affirmative defense. By counterclaim, they sought to quiet their title to the premises.

Answering the affirmative defenses and counterclaims, appellant defended on the ground that Chapter 7, Laws 1933, §§ 24-1-22 to 24-1-25 inclusive, authorizing the foreclosure of judgment liens, is unconstitutional. On the issues thus framed, the cause was tried; the complaint in ejectment was dismissed and a decree was entered establishing appellees' title. The cause is here on appeal for the review of alleged errors.

■■ We will first dispose of appellant's first line of defense, the constitutionality of the Act. He challenges its validity on the ground that its title does not clearly express the subject of the bill and that it embraces more than one subject, contrary to the provisions of § 16, Art. 4, New Mexico Constitution. The claim of error is unsound. The primary purpose of the constitutional provision is to prevent fraud or surprise by means of concealed or hidden provisions in an act which the title fails to express. First Thrift and Loan Asso-

citation v. State, 62 N.M. 61, 304 P.2d 582; Fischer v. Rakagis, 59 N.M. 463, 286 P.2d 312. The title to the Act reads: "An act relating to the foreclosure of judgment liens." This broad statement clearly expresses its subject, the foreclosure of judgment liens. On reading the various provisions of the Act, we find disclosed a single subject, that pertaining to foreclosure of judgment liens.

■■ The Act is further challenged on the ground that it contravenes § 18, Art. 4, New Mexico Constitution. It is asserted that the Act attempts to revise, amend, and extend substantive law by reference. This position cannot be sustained. While we find no purpose in setting forth the provisions of the act, it suffices to say that the act grants an optional procedure for the enforcement of judgment liens. The law is well established in this jurisdiction that procedural law may be adopted by another statute by reference. Middle Rio Grande Water Users Ass'n v. Middle Rio Grande Conservancy Dist., 57 N.M. 287, 258 P.2d 391. We are not satisfied of the invalidity of the Act on constitutional grounds.

■■ We now turn to another line of defense. It is argued that on account of various irregularities in the foreclosure proceedings, cause 12,045, that the court lacked jurisdiction to render the judgment. Appellant points up a multiplicity

of irregularities, for instance, no cause of action was stated, improper sale, premature judgment, erroneous computation of the amount due, etc., which he says invalidates the judgment. We do not share this view. Jurisdiction of the subject matter is the power to hear and determine the issues in a case. Mares v. Kool, 51 N.M. 36, 177 P.2d 532. Jurisdiction of the person is acquired when one is personally served with process. Consequently, the judgment is not void for want of jurisdiction, nor is it open to collateral attack for alleged irregularities. Bounds v. Carner, 53 N.M. 234, 205 P.2d 216; McDonald v. Padilla, 53 N.M. 116, 202 P.2d 970; Mares v. Kool, supra; McCloskey v. Shortle, 41 N.M. 107, 64 P.2d 1294.

Furthermore, appellant's conduct subsequent to the foreclosure sale is a matter of importance. He had become involved financially. Some 13 transcripts of judgments had been filed against him in the office of the County Clerk of Lea County, Me-Tex Supply Company being one of such judgment creditors. A dispute arose between the creditors as to priorities, and to settle the matter, Me-Tex Supply Company, joined by six other judgment creditors, instituted cause No. 12,045, previously mentioned, against the remaining judgment creditors to foreclose their judgment liens. Appellant was in possession at the time and was personally served with process but allowed judgment to go against him by default. In time, a special master was appointed, and after due notice, the property was sold to Hobbs Valve Repair and Manufacturing Company, another judgment creditor, who in turn sold the premises to Me-Tex Supply Company. Thereafter, Me-Tex Supply Company sold the premises to appellees, Carl Denson and Vonnie Bell Hannah.

Following the entry of judgment, and during the time appellant was trying to redeem the premises, he remained in possession as a tenant under a lease from Hobbs Valve Repair and Manufacturing Company, the purchaser at the foreclosure sale. During this time he made no objection to the foreclosure proceedings. The outstanding judgments against him were partially reduced from the proceeds of the sale. He is, therefore, deemed to have ratified the alleged irregular foreclosure proceeding. McCloskey v. Shortle, supra; Terry v. Humphreys, 27 N.M. 564, 203 P. 539.

The trial court quite properly held that appellant was estopped from attacking the validity of the judicial sale. The judgment will be affirmed and it is so ordered.

LUJAN, C. J., and SADLER and McGHEE, JJ., concur.

KIKER, J., not participating.