375 P.2d 118

STATE of New Mexico, ex rel. KERMAC NUCLEAR FUELS CORPORATION and Mountain States Mutual Casualty Company, Relators,

v.

The Honorable Paul F. LARRAZOLO, Judge of the District Court of the Second Judicial District of the State of New Mexico, Respondent.

No. 7205.

Supreme Court of New Mexico.

Oct. 5, 1962.

Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, for relators.

Joseph L. Martinez, Ramon Lopez and Smith, Kiker & Kitts, Albuquerque, for respondent.

MOISE, Justice.

This is an original proceeding wherein relator seeks to prohibit respondent judge from hearing two workmen's compensation cases which were consolidated for trial.

On July 20, 1960, one Bobbie L. Turner, herein referred to as plaintiff, filed suit for workmen's compensation against relator in cause No. 9951 on the docket of the district court of Valencia County. In his suit he complained of injuries allegedly sustained on July 26, 1959, and on June 10, 1960, while employed by relator.

On June 6, 1961, another suit was filed by plaintiff seeking workmen's compensation for the same two injuries. This second suit is identical with the first and is cause No. 10510 on the docket of the district court of Valencia County.

Relator moved to dismiss cause No. 10510 on the ground that there was a prior pending action between the same parties concerning the same subject matter and involving the same issue. Thereafter, motion was filed by plaintiff asking that the two cases be consolidated for trial. An order consolidating them for trial was entered and another order was entered reserving and holding in abeyance the motion to dismiss until the evidence on the consolidated trial had been heard.

Relator filed motions to dismiss or, in the alternative, for summary judgment in both actions with an affidavit attached and the court by order reserved ruling on these motions until all the evidence was presented at the trial.

The respondent set the consolidated cases for trial, whereupon relator sought and we issued our alternative writ of prohibition. Return having been duly made, we now consider the issues presented.

It is relator's position that (1) respondent is without jurisdiction to hear cause No. 9951 because when the case was filed relator had neither failed nor refused to make any compensation payments due and owing the plaintiff workman; (2) respondent is without jurisdiction to hear cause No. 10510 insofar as the alleged injury of July 26, 1959, is concerned because the claim is barred by the statute of limitations; (3) respondent is without jurisdiction to hear either case because of failure of plaintiff workman to give notice as required by law and relator had no knowledge of compensable injuries; and (4) cause No. 10510

should have been dismissed because when it was filed cause No. 9951, the complaint in which was identical, was pending in the same county, involving the the same parties.

■ In connection with our consideration of the first three points, we note and comment on three decisions of this court.

State ex rel. St. Louis, Rocky Mountain & Pacific Co. v. District Court of Eighth Judicial District, 38 N.M. 451, 34 P.2d 1098, grew out of a workmen's compensation case where a demurrer to the complaint on the grounds that the action arose more than one year prior to the filing of suit was overruled and prohibition was then sought to prevent the court from hearing the cause. We there had the following to say in an opinion discharging the writ:

"The sole question, on the merits, which had developed in the district court, was whether the compensation proceeding had not been filed too late, according to the provisions of the statute. It is well-understood law that prohibition lies only to prevent action without jurisdiction. So the petitioner must show that the district courts are without jurisdiction in such a case. For present purposes we must assume that a recovery of compensation could not be upheld in this case, being barred by statute.

\*    \*    \*    \*    \*    \*

" \*    \*    \* Here the test of jurisdiction is not the right or authority to render a particular judgment; it is the right or authority to render any judgment. For instance, if a probate court had assumed jurisdiction of this case, prohibition would properly have lain. Any judgment it might render would be void. We would have no more power to review such a judgment than the probate court would have to render it. \*    \*    \*

"That the district court was about to decide those matters wrongly was no concern of ours when merely investigating the jurisdiction. Nor was it material that we might on review be compelled to direct a dismissal of the appeal.

"It might be convenient, in this case as in many others, to stop proceedings as soon as it appears that there is an irremedial defect in the cause of action. Such is not the policy of our law. Such a system might develop delays and other inconveniences offsetting entirely the advantages often suggested for it."

State ex rel. Mountain States Mut. Cas. Co. v. Swope, 58 N.M. 553, 273 P.2d 750, was a prohibition case in which this court held that prohibition would lie to prevent a trial court from hearing and determining a workmen's compensation case where it appeared that there had been no "failure or refusal" by the employer to pay any in-

stallment of compensation due. Without in any way noticing the decision in State ex rel. St. Louis, Rocky Mountain & Pacific Co. v. District Court, etc., supra, or the rule there announced, it was stated that in order to confer jurisdiction on the district court there must have been a failure or refusal by the employer to make compensation payments required by the statute. Also, it was stated that "to permit suits to be filed, * * * would be to condone a circumvention of the letter and spirit of the act itself, which we decline to do."

We also notice State ex rel. J. P. (Bum) Gibbins, Inc. v. District Court of the Fifth Judicial District, 65 N.M. 1, 330 P.2d 964, wherein prohibition was granted restraining the district court from hearing a claim for medical and surgical benefits under the workmen's compensation act until there had been a judicial determination of a compensable injury for which the employer was liable under the act. It was stated that until this determination was made the district court was "without power to compel the employer to furnish medical, surgical and hospital services to his employees." Neither of the two preceding cases mentioned above were cited as authority for the conclusion reached. However, the decision would appear to be in accord with State ex rel. Mountain States Mut. Cas. Co. v. Swope, supra, and although it is not so stated in either decision, the court must have been moved to issue its writ on a theory

that the lower court was threatening to act in excess of its jurisdiction, and accordingly its action would be void. See State ex rel. Miller v. Tackett, 68 N.M. 318, 361 P.2d 724. Concerning such conclusion we express considerable reservation. In support of the idea that there may be some question as to the continued applicability of State ex rel. J. P. (Bum) Gibbins, Inc. v. District Court, etc., supra, see Martinez v. Wester Brothers Wholesale Produce Co., 69 N.M. 375, 367 P.2d 545. Also see Nasci v. Frank Paxton Lumber Co., 69 N.M. 412, 367 P.2d 913.

An analysis of the three cases mentioned leads us to the inescapable conclusion that unless the cases can be reconciled on the basis suggested above, there is conflict between State ex rel. St. Louis, Rocky Mountain & Pacific Co. v. District Court, etc., supra, and the later two cases. Accordingly, we must determine the correct rule for present and future application.

The rule as announced in State ex rel. St. Louis, Rocky Mountain & Pacific Co. v. District Court, supra, has been repeated and followed in numerous cases, of which the following are only a few: State ex rel. Oil Conservation Commission v. Brand, 65 N.M. 384, 338 P.2d 113; State ex rel. Prince v. Coors, 52 N.M. 189, 194 P.2d 678; State ex rel. Heron v. District Court of First Judicial District, 46 N.M. 296, 128 P.2d 454; State ex rel. Stanley v. Lujan, 42 N.M. 291, 77 P.2d 178. See also Gilmore v. District

Court of Fifth Judicial Dist., 35 N.M. 157, 291 P. 295.

This court, in a large number of appeal cases not involving prohibition, has stated that no jurisdiction vests in the district court if all payments of compensation due under the law have been made, if the case was not timely filed, or if notice was not given.

Ogletree v. Jones, 44 N.M. 567, 106 P.2d 302, stated that the requirement of timely filing was jurisdictional, and concluded that the notice requirement was a "condition precedent" to recovery. Reliance was placed on Caton v. Gilliland Oil Co. of New Mexico, 33 N.M. 227, 264 P. 946, which held simply that if suit was not timely filed the claim, right and remedy were all barred. Also cited was Taylor v. American Employers' Ins. Co. of Boston, Mass., 35 N.M. 544, 3 P.2d 76, where a similar conclusion was reached. Maestas v. American Metal Co., 37 N.M. 203, 20 P.2d 924, also cited, is to the same effect.

Clower v. Grossman, 55 N.M. 546, 237 P. 2d 353, while recognizing Ogletree v. Jones, supra, as holding that the requirement of timely notice was jurisdictional, concluded that if the question of notice was not timely and properly raised the court still had jurisdiction to hear and try the case, thus distinguishing it from Ogletree v. Jones, supra, and arriving at a different result.

In George v. Miller & Smith, Inc., 54 N.M. 210, 219 P.2d 285, we stated that there must have been a failure or refusal to make compensation payments due under the act in order for "jurisdiction" to be conferred on the district court. In that case it appears that medical expenses and compensation were being paid by the employer at the time suit was filed. Claimant argued that notwithstanding this fact he had a right to have the court "determine the permanency of his disability and the amount and duration of such benefits." The court decided that no suit could be instituted for this purpose so long as the employer was paying the maximum compensation under the act.

George v. Miller & Smith, Inc., supra, was cited and relied on in State ex rel. Mountain States Mut. Cas. Co. v. Swope, supra, and both cases were then cited in support of a similar conclusion reached in Spieker v. Skelly Oil Co., 58 N.M. 674, 274 P.2d 625, where suit was held to have been prematurely filed when the employer had made all compensation payments which he was aware were due.

Ogletree v. Jones, supra, was again cited and followed in Yardman v. Cooper, 65 N.M. 450, 339 P.2d 473, which upheld a lower court judgment denying recovery because notice had not been timely given. To the same effect are Sanchez v. Bernalillo County, 57 N.M. 217, 257 P.2d 909, and Copeland v. Black, 65 N.M. 214, 334 P.2d 1116. Selgado v. New Mexico State High-

way Department, 66 N.M. 369, 348 P.2d 487, also arrived at the same conclusion in a case involving a question of whether the limitation period had expired before suit was filed. The same is true of Armijo v. United States Casualty Company, 67 N.M. 470, 357 P.2d 57.

All of the cases reviewed above involved the statute as it existed prior to its amendment in 1959 (Chap. 67, N.M.S.L.1959). However, no material change was made in the applicable provisions. They are §§ 59–10–13.4 and 59–10–13.6, subd. A, N.M.S.A. 1953, which read:

"59–10–13.4. A. Any workman claiming to be entitled to compensation from any employer shall give notice in writing to his employer of the accident and of the injury within thirty [30] days after their occurrence; unless, by reason of his injury or some other cause beyond his control the workman is prevented from giving notice within that time, in which case he shall give notice as soon as may reasonably be done, and at all events not later than sixty [60] days after the occurrence of the accident.

"B. No written notice is required to be given where the employer or any superintendent or foreman or other agent in charge of the work in connection with which the accident occurred had actual knowledge of its occurrence."

"59–10–13.6. A. If an employer or his insurer fails or refuses to pay a workman any installment of compensation to which the workman is entitled under the Workmen's Compensation Act [59–10–1 to 59–10–37], after notice has been given as required by section 59–10–13.4 New Mexico Statutes Annotated, 1953 Compilation, it is the duty of the workman, insisting on the payment of compensation, to file a claim therefor as provided in the Workmen's Compensation Act, not later than one [1] year after the failure or refusal of the employer or insurer to pay compensation.

"If the workman fails to give notice in the manner and within the time required by section 59–10–13.4 New Mexico Statutes Annotated, 1953 Compilation, or if the workman fails to file a claim for compensation within the time required by this section, his claim for compensation, all his right to the recovery of compensation and the bringing of any legal proceeding for the recovery of compensation are forever barred."

Stronger language to state that notice and timely filing requirements are mandatory can hardly be imagined. However, it does not follow from this fact, or the fact that they may be considered jurisdictional that prohibition should issue where the court fails to dismiss the case upon the facts

being called to its attention. Clower v. Grossman, supra.

As early as 1920, this court in Albuquerque & Cerrillos Coal Co. v. Lermuseaux, 25 N.M. 686, 187 P. 560, recognized the primarily semantic problem of distinguishing between various types of jurisdiction. The court attempted to solve the tangled knot by defining jurisdiction over the subject matter as power to hear the general class of case (a definition that is as good today as it was then, Ballew v. Denson, 63 N.M. 370, 320 P.2d 382, 383) and by recognizing another type of jurisdiction which it denominated as jurisdiction over the particular case. The distinction is basically the same which this court drew in Clower v. Grossman, supra. We would add a cautionary note that while Clower v. Grossman, supra, could be applied to distinguish the decision in State ex rel. Mountain States Mutual Cas. Co. v. Swope, supra, and State ex rel. J. P. (Bum) Gibbins, Inc. v. District Court, etc., supra, when the word jurisdictional is used, careful analysis of the true sense intended is imperative.

The correct rule is that announced generally in Gilmore v. District Court, etc., supra, and applied specifically in a workmen's compensation case in State ex rel. St. Louis, Rocky Mountain & Pacific Co. v. District Court, etc., supra, to the effect that jurisdiction being present of both the subject matter and the parties, ordinarily prohibition will not issue, and further that the question was not whether the court had a right to decide the issue in a particular way, but did it have the right to decide it at all.

There can be no question that the respondent had jurisdiction generally to hear and decide the workmen's compensation cases filed by plaintiff. This jurisdiction was granted by § 59–10–13.7, N.M.S.A. 1953. See Guthrie v. Threlkeld Co., 52 N.M. 93, 192 P.2d 307. It is equally clear that if plaintiff gave no notice as required by § 59–10–13.4, N.M.S.A.1953, or failed to file his claim within one year after relator failed or refused to pay compensation as required by the statute, all of plaintiff's "claim for the recovery of compensation, all his right to the recovery of compensation and the bringing of any legal proceeding for the recovery of compensation" would be barred. (§ 59–10–13.6, subd. A, N.M.S.A. 1953). The same is no doubt true if the case was prematurely filed. If the trial court granted relief, this court, under authority of the cases cited supra, would promptly reverse. If the employer was duly served with process, but suffered judgment to go against it by default, it could not ignore the judgment as void and of no effect. On the contrary, the judgment would be a valid and enforceable judgment, not subject to collateral attack. Ballew v. Denson, supra; State ex rel. Transcontinental Bus Service v. Carmody, 53 N.M. 367, 370, 208 P.2d 1073; State ex rel. Heron v. District Court of First Judicial Dis-

trict, supra; Albuquerque & Cerrillos Coal Co. v. Lermuseaux, supra.

It does not follow as a matter of course from what has been said that prohibition will not issue. Even though the respondent had jurisdiction of the subject matter and of the parties, we have recognized two situations where we might nevertheless prohibit a lower court.

An example of such a situation is where the court is acting in excess of jurisdiction, as that term has heretofore been used, as was true in State ex rel. Miller v. Tackett, supra; State ex rel. Lynch v. District Court of McKinley County, 41 N.M. 658, 73 P.2d 333, 113 A.L.R. 746; Hammond v. District Court of Eighth Judicial District, 30 N.M. 130, 228 P. 758, 39 A.L.R. 1490; State ex rel. Harvey v. Medler, 19 N.M. 252, 142 P. 376. Although the line may be a fine one, we do not believe that the court's action in the instant case comes within what can be described as excess of jurisdiction, and relator does not so contend.

The second situation where we have issued prohibition even though the court below had jurisdiction, or was not acting in excess of jurisdiction, has been in the exercise of our superintending control where in the particular case to refuse to do so would cause irreparable mischief, exceptional hardship, costly delay and undue burdens of expense, or where the remedy by appeal would be grossly inadequate. Ex-. amples of cases where we were so moved are Montoya v. McManus, 68 N.M. 381, 362 P.2d 771; State ex rel. De Moss v. District Court of the Sixth Judicial District, 55 N. M. 135, 227 P.2d 937; and State ex rel. Transcontinental Bus Service, Inc. v. Carmody, supra. In the last two cases cited, previous decisions of this court are reviewed and analyzed. No contention is advanced for prohibition in the exercise of superintending control under the first three points in the instant case.

It necessarily follows from what has been said that the first three contentions of relator do not support the issuance of the writ or the making of the same peremptory.

We now consider relator's fourth point to the effect that the writ should be made permanent so that respondent cannot try cause No. 10510 at the same time as he tries cause No. 9951.

█ Generally, a second suit based on the same cause of action as a suit already on file will be abated where the first suit is entered in a court of competent jurisdiction in the same state between the same parties and involving the same subject matter or cause of action, if the rights of the parties can be adjudged in the first action. Paraskevas v. McKee Auto Service, Inc. (D.C.Mun.App.) 162 A.2d 488; Proctor v. Peoples Bank of Morehead, 283 Ky. 100, 140 S.W.2d 667; Simmons v. Superior Court, 96 Cal.App.2d 119; 214 P.2d 844,

19 A.L.R.2d 288; Cameron v. Cameron, 235 N.C. 82, 68 S.E.2d 796, 31 A.L.R.2d 436. Compare Tondre v. Garcia, 45 N.M. 433, 116 P.2d 584.

In the instant case the complaints are identical. The parties, the allegations, the prayer for relief, and the court are all exactly the same. The first case was filed July 20, 1960, and the second June 6, 1961. Respondent argues, although the record does not disclose the facts, that on July 20, 1960, when the first suit was filed, plaintiff had lost no time from his work and there might be a question present as to whether the suit was prematurely brought. However, when the second action was filed on June 6, 1961, he had been out of work and had been in the hospital, and this defect, if defect it is, would not be present in the second suit. On the other hand, relator argues that plaintiff should elect which action to pursue, and that relators should not be required to proceed to trial and to defend all possibilities, and respondent should not be called upon to rule which of the two actions was the better one. Possibly, plaintiff should not have been permitted to pursue recovery on two theories, but should have elected on which he would rely. Gonzales v. Pecos Valley Packing Co., 48 N.M. 185, 146 P.2d 1017, or the second suit abated upon motion of relator. However, we need not decide this question, so do not do so.

The court having refused to abate cause No. 10510, is prohibition available to relators? They argue that they are entitled to the writ under our superintending control, and cite the cases already noted as granting relief on this ground. Although they describe the litigation as "vexatious," they do not explain why this is true. There will be only one trial, the evidence as to the accident and injury will not be materially greater in the consolidated trial than in the trial of either case separately. It is not argued that the remedy by appeal is inadequate, and we do not perceive that under the circumstances here present irreparable mischief, great, extraordinary or exceptional hardship, costly delays or unusual burden of expense will result if we withhold the writ.

It follows from what has been said that the alternative writ heretofore issued should be dissolved.

It Is So Ordered.

COMPTON, C. J., and CARMODY, CHAVEZ and NOBLE, JJ., concur.