HALLET R. DURLING *vs.* AARON H. GOULD, and HOTEL "MANOR INN."

Hancock. Opinion December 29, 1890.

*Lien. Notice. R. S., c. 91,* §§ *30, 32, 33.*

When a laborer has once acquired a statute lien on a building, for labor performed thereon with the consent of the owner, that section of the statute requiring notice of the lien to be given should be construed liberally in favor of the laborer, so far as the form of the notice is concerned.

If, from the notice filed, it can be fairly and reasonably inferred—1, that a lien is claimed; 2, by whom it is claimed; 3, what is the balance due, and that no credits are to be given; 4, what is the particular building upon which the labor was performed and to which the lien has attached; 5, that the name of

the owner is not known to the claimant when no owner is named; and the notice is verified by the signature and affidavit of the claimant, it is sufficient though not symmetrical in form.

ON EXCEPTIONS.

This was an action of assumpsit to enforce a lien for labor. The owner of the building appeared and objected to the sufficiency of the statement filed with the town clerk. The presiding justice having ruled that it was sufficient, he filed exceptions to the ruling.

The facts appear in the opinion of the court.

*Wiswell, King and Peters,* for owner of building.

No statement however full and complete would answer the requirements of the statute unless "subscribed" by the claimant. Therefore in considering the sufficiency or insufficiency of the statement filed in this case we are only to look at what the claimant has subscribed to. Any statement that may appear in the oath written above the magistrate's signature cannot be considered as forming a part of the claimant's statement because it is not subscribed to by the claimant. If every requirement of the statute was set forth in the oath, which the magistrate subscribes, it would not entitle the claimant to a lien, unless that had been subscribed by him.

The statement does not show "the amount due." It is merely a debit charge, one side of an account; it may be true in every respect as the debit side of the account. There is a distinction, between a debit charge and a statement that a specific sum is "due."

The statute requires "a true statement of the amount due, with all just credits given." It may be that, if there are no credits to be given, that an omission to state that fact would not render the statement insufficient, but it is claimed that it should be so drawn as to leave no doubt that the sum specified is due. A mere debit charge does not preclude the idea that there may not be credits. The statement does not give a description of the property "intended to be covered by the lien." There is no mention whatever made of the fact that the plaintiff claims any lien. It is merely a statement of labor on a certain building.

The object of the statement, and the record thereof is to give notice, to all persons interested, of the claim. If the statement contains no mention whatever that a lien is claimed it does not fulfill the purpose of the statute.

It does not contain the name of the owner of the building, or the fact that the name of the owner was not known to the claimant if such was the fact. This requirement of the statute is not complied with. The case of *Ricker* v. *Joy*, 72 Maine, 106, is the only case that we have been able to find in this state where the sufficiency of the statement filed with the town clerk has been before the court. But it will be found by an examination of that case that the statement there in question specified the amount "due" the claimant; that it was due for labor which entered into a building; there was a sufficient description of the property; and the name of the owner was given.

*A. F. Burnham*, for plaintiff.

EMERY, J. The plaintiff, being in the employ of Aaron H. Gould, contractor, performed fifty-seven and nine-tenths days' labor in erecting the Hotel "Manor Inn" at Sullivan Harbor, with the consent of the owner, Clyde D. V. Hunt. For this labor, the plaintiff admittedly acquired a lien on the Hotel by R. S., c. 91, § 30.

To preserve that lien, the same statute (section 32) required the claimant, within thirty days after he ceased to labor, to file in the office of the clerk of the town in which the building is situated, "a true statement of the amount due him, with all just credits given, together with a description of the property intended to be covered by the lien sufficiently accurate to identify it, and the names of the owners, if known." The plaintiff ceased to labor July 27, 1889, and within thirty days thereafter filed in the office of the clerk of the town of Sullivan, in which the building is situated, the following paper:

"Sullivan, July 27, 1889.

"Mr. Aaron H. Gould, to Hallet R. Durling,          Dr.

"To 57 9-10 days labor on Hotel "Manor Inn," at Sullivan Harbor, at $2.25 per day.          $130.18

Hallet R. Durling.

"State of Maine, Hancock, ss.    On this 26th day of August, 1889, personally appeared the above Hallet R. Durling and made oath in due form that the above bill by him subscribed, is just and true in all its parts for which he wishes to secure a lien as provided by law.    CYRUS EMERY, Justice of the Peace."

Seasonably thereafter he brought this suit to enforce his lien claim on the Hotel.    Mr. Hunt, the owner, appeared to defend against the lien claim, and rested his defense solely on the ground, that the above notice was insufficient in form to preserve the lien, in the following particulars.  First, that it does not state in terms, "the amount due," but only states a debit charge, without any statement as to credits.  Second, that it does not state that the Hotel "Manor Inn," is intended to be covered by the lien. Third, that it does not state the names of the owners nor that the names were unknown.  It appeared that the plaintiff did not know who was the owner, though he supposed the Sullivan Harbor Land Company to be.

The presiding justice overruled these objections, and ruled that the notice was sufficient to preserve the lien.    The owner excepted.

Mechanics' liens on buildings and land, though recognized and favored by the civilians, had no place in the common law, which from its feudal character, was reluctant to subject realty to the payment of any claims other than feudal.    They were introduced into the law by positive statute in this country. These statutes were naturally at first deemed by the courts to be in derogation of the common law, and hence to be construed narrowly and strictly.  They have now, however, become an integral part of our law, and their justice and beneficence have become apparent.  They now form recognized principles of remedial justice, and should receive broad and liberal construction.

A lien once acquired by labor on a building by the consent of the owner, should not be defeated by technicalities, when no rights of others are infringed, and no express command of the statute is disobeyed.  The purpose of section 32, is to secure to owners and prospective purchasers of the property, notice of the

amount and nature of the lien, to which it is subject, and in whose favor the lien has accrued. If that notice is fairly and fully given under the sanction of the claimant's signature and affidavit, the interests of others are protected and the purpose of the section is fulfilled. It would be too rigorous to insist upon formal and technical accuracy from a laborer in giving such notice. The legislature has declared in section 33, that inaccuracies in the statement shall not invalidate, unless they be willful or leave the notice obscure. The court should give this section full play.

In this case, we think that the owner or prospective purchaser of the "Manor Inn," by inspecting the notice on file in the town clerk's office would be clearly notified, that Hallet R. Durling (the plaintiff), claimed to have furnished labor to the amount of one hundred and thirty dollars and eighteen cents on that hotel; that one hundred and thirty dollars and eighteen cents was the "amount due;" that there were no credits to be given and that a lien was claimed on the hotel for that sum. The mere filing of the paper could not fail to give notice that a lien was claimed. *Ricker* v. *Joy*, 72 Maine, 106. All the above information was verified by the signature and affidavit of the claimant.

If the name of the owner of the property is unknown to the claimant, the statute does not require him to formally allege his ignorance. His very omission to state the name of the owner would give notice that the name was unknown, as was the fact in this case. It would be unreasonable to insist that a laborer's notice of his lien once acquired, shall have all the formal precision of allegation used in an indictment for crime.

We think the notice in this case is a substantial compliance with the requirements of the statute.

*Exceptions overruled.*

PETERS, C. J., LIBBEY, FOSTER, HASKELL and WHITEHOUSE, JJ., concurred.