**COMBUSTION ENGINEERING, INC.**

v.

**MILLER HYDRO GROUP, et al.**

Supreme Judicial Court of Maine.

Argued May 10, 1990.

Decided July 25, 1990.

John H. Montgomery (orally), Bernstein, Shur, Sawyer & Nelson, Portland, for plaintiff.

George Isaacson (orally), Brann & Isaacson, Lewiston, Howard Dana, Jr. (orally), Verrill & Dana, Portland, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

ROBERTS, Justice.

Combustion Engineering, Inc. built a hydroelectric project, financed by defendant Kansallis–Osake–Pankki (KOP), for Miller Hydro Group. Combustion appeals a grant of partial summary judgment in favor of Miller Hydro and KOP on a mechanic's lien claim. (Androscoggin County, *Alexander, J.*). Combustion argues that the court erred in holding that 1) two bonuses are not subject to a statutory mechanics' lien, 2) the parties' agreements do not permit Combustion to seek a lien and 3) Combustion willfully overstated its lien claim. We vacate the judgment.

Combustion, a Delaware corporation, entered into a construction contract with Miller Hydro to design, engineer, construct and start up a hydroelectric facility on the Androscoggin River in Lisbon Falls. The contract price was about $24.7 million. Miller Hydro was to retain about $1.2 million until final acceptance of the project. Section 22.1 of the contract provided a bonus for increased energy output over a certain amount. The construction contract is governed by Maine law.

Combustion, Miller Hydro and KOP, a Finnish bank that holds a mortgage from Miller Hydro for $38 million, then entered into a subordination agreement, by its terms governed by New York law. This agreement subordinates Miller Hydro's debt to Combustion under section 22.1 of the construction contract to Miller Hydro's debt to KOP. Miller Hydro and Combustion later signed "Change Order No. 7," which provided a bonus for producing power early.

In July and August 1989 Combustion filed actions in the United States District Court for the District of Maine and in the Superior Court for breach of the construction contract. Combustion claims about

$1,236,000 for the amount retained by Miller Hydro, $45,000 for the final construction payment, $8,160,000 under the section 22.1 bonus and $894,000 for the amount earned under the Change Order No. 7 bonus. The total amount demanded is approximately $10.3 million, and the mechanic's lien claim is for the same amount. Miller Hydro filed a counterclaim for breach of contract and fraud, alleging that Combustion caused the project to fail to comply with a license issued by the Federal Energy and Regulatory Commission and with contract requirements. The Superior Court granted Miller Hydro's and KOP's motions for partial summary judgment on the mechanic's lien claim, denied Combustion's motion for reconsideration and directed the entry of final judgment on the lien claim pursuant to M.R.Civ.P. 54(b).

The court held that the mechanic's lien statute, 10 M.R.S.A. § 3251 (1980) precludes Combustion from obtaining a lien on the Section 22.1 and the Change Order No. 7 bonuses because these claims were tied to power production and arise independently from the labor, material and services provided under the construction contract. Section 3251 states in part:

> Whoever performs labor or furnishes labor or materials ... or performs services ... used in erecting, altering, moving or repairing a house, building or appurtenances, ... by virtue of a contract with or by consent of the owner, has a lien thereon and on the land on which it stands and on any interest such owner has in the same, to secure payment thereof, with costs.

■ We disagree with the Superior Court's interpretation of the coverage of Section 3251. Once the procedural requirements of this statute have been met, its coverage is to be interpreted liberally when the lien has been honestly earned. *Pineland Lumber Co. v. Robinson*, 382 A.2d 33, 36 (Me.1978).

> The corner stone of the Mechanic's Lien Law is the prevention of unconscionable and unjust enrichment. "A lien is given upon the ground that the work has been a benefit to the realty, and has enhanced

its value." ... When, therefore, the statute ... speaks of securing "payment thereof," it refers to the debt created by the acts of the parties. When by express contract the parties fix the compensation to be paid for full and complete performance of the contract, they have themselves established the debt to be secured by lien. In a sense they have by binding agreement determined the extent to which the owner's property will be enhanced by the labor and materials to be incorporated in the realty, and to that extent the contractor is protected by lien.

*Bangor Roofing & Sheet Metal Co. v. Robbins Plumbing Co., Inc.*, 151 Me. 145, 148, 116 A.2d 664 (1955) (quoting *Hanson v. News Publishing Co.*, 97 Me. 99, 102, 53 A. 990 (1902)). The fact that the bonus payments are computed separately from other payments under the contract and may reflect profit to Combustion does not take them outside the purview of the statute. All of the payments in issue are part of Combustion's compensation for enhancing the value of the property; they all establish the debt to be secured by the lien. Because we hold that the statute permits a lien on the entire amount claimed, we need not address the court's holding that Combustion willfully overstated the lien under 10 M.R.S.A. § 3254 (1980).

■ The Superior Court also held that the subordination agreement precludes Combustion from obtaining a mechanic's lien because KOP did not consent to the lien, as required by the agreement. Combustion argues there are two genuine issues of material fact concerning the subordination agreement, and therefore summary judgment on the lien claim was inappropriately granted. M.R.Civ.P. 56(c).

First, Combustion asserts that the parties intended Miller Hydro to give Combustion a subordinated security interest to protect its payment for the section 22.1 bonuses and that Miller Hydro failed to give it a security interest. In an affidavit filed in opposition to the motions for summary judgment, Combustion asserts that the construction contract and subordination agreement contain interdependent obligations,

and therefore Miller Hydro's failure to give Combustion a security interest relieves Combustion of its obligations to KOP under the agreement.

Second, Combustion asserts that there is a genuine issue of material fact over the language of the subordination agreement. Paragraphs 3(a) and 16 of the agreement state that Combustion will not accept or retain any security for its subordinated indebtedness except documents in the form received by KOP, modified to show they are subordinated. Paragraph 5 states that Combustion "will not take any action to enforce, foreclose or otherwise realize upon any such security interest or lien" without KOP's consent. Combustion argues that this language was not intended to extinguish its statutory lien, but rather to address the respective rights of Combustion and KOP to project proceeds.

We conclude that, given the interrelation of the various agreements, the record does not establish the absence of genuine issues of fact concerning the intent of the parties. For example, the proscription in paragraph 5 of the subordination agreement does not expressly prevent Combustion from perfecting, as opposed to enforcing, its statutory lien. Likewise, the limitation contained in paragraph 3(a) may have been intended to apply only to the form of any security voluntarily provided by Miller Hydro, rather than to a lien, which arises by statute. We cannot say as a matter of law that the instruments at issue are susceptible of only one interpretation.

The entry is:

Judgment vacated.

Remanded for proceedings consistent with the opinion herein.

All concurring.