HCI CORPORATION, et al.

v.

VOIKOS CONSTRUCTION CO., et al.

Supreme Judicial Court of Maine.

Argued Sept. 17, 1990.
Decided Oct. 25, 1990.

---

Rick E. Lawrence (orally), Pierce, Atwood, Scribner, Allen, Smith and Lancaster, Portland, for plaintiff.

Stephen P. Beale (orally), Skelton, Taintor & Abbott, Auburn, for Maine Sav. Bank.

Daniel A. Pileggi (orally), Gross, Minsky, Mogul & Singal, P.A., Bangor, for Soule Glass.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

COLLINS, Justice.

HCI Corporation (HCI) appeals from a judgment of the Superior Court (Penobscot County, *Beaulieu, J.*) dismissing its action to enforce its mechanic's lien (CV–85–69). Maine Savings Bank (MSB) appeals from a judgment of the Superior Court enforcing a mechanic's lien of Soule Glass Industries (Soule) (CV–85–140). At issue in this consolidated appeal is whether MSB is foreclosed from challenging on appeal a Superior Court ruling made before a reference because it did not object to the final referee's report. Also at issue is whether an oath, qualified with the words "to the best of his knowledge, information and belief" or an oath without qualification but also without personal knowledge in fact, satisfies the requirement of 10 M.R.S.A. § 3253 (1980) that a lien claim statement be "subscribed and sworn to by the person claiming the lien or by someone in his behalf." We allow MSB to challenge the ruling and find both oaths satisfactory.

HCI and Soule performed labor and furnished materials in the construction of a building, the Franklin Place property in Bangor, pursuant to a contract with Voikos Construction Co. (Voikos). Voikos was the general contractor of the project, engaged by the owner, 1912 Associates Development Corporation (1912). MSB was the mortgagee.

HCI and Soule were not paid. They filed lien claim statements in the registry of deeds for the amounts due them pursuant

to section 3253. HCI's lien claim statement was subscribed and sworn to by its attorney with the qualification that the statement was "true to the best of his knowledge, information and belief." Soule's lien claim statement was subscribed and sworn to by its attorney without qualification, but the attorney had no personal knowledge of the asserted facts. HCI and Soule sought to enforce their liens against Voikos, 1912 and MSB.[1] These actions were consolidated. MSB moved to dismiss both actions.[2] The court stated that an oath made on information, knowledge and belief would not subject the maker to a perjury or false swearing charge and was insufficient but an oath that was facially unconditional would subject the maker to a perjury charge notwithstanding the actual lack of personal knowledge and was sufficient. The court granted MSB's motion to dismiss HCI's lien claim but denied its motion in the Soule action. HCI tried to appeal the dismissal but, due to the consolidation, needed to wait until all proceedings were completed. The cases were submitted to a referee. After the reference, MSB filed a motion to reconsider the denial of the dismissal motion in the Soule case. The referee deferred to the court's earlier decision. The referee incorporated the court's dismissal of HCI's lien claim and its validation of Soule's lien claim into its report.

█ Soule requested the court to accept the referee's report. Nineteen days after the report was filed, MSB filed a statement requesting entry of judgment on the report and renewed its motion to reconsider the denial of its motion to dismiss in the Soule case. This motion was denied and judgment was entered, accepting the report which included the court's prereference rulings. These appeals followed. HCI and Soule argue that the oath requirement of the applicable statute, section 3253, does

not require the subscriber of the lien claim statement to have personal knowledge of the facts asserted in it. Therefore, HCI argues the court erred in dismissing its lien claim and Soule argues the validation of its lien claim was not error. MSB counters that personal knowledge is necessary and contends the dismissal of HCI's claim was not error, but the denial of the dismissal of Soule's lien claim was.[3]

█ As a threshold matter, Soule challenges MSB's right to appeal at all. Soule argues that MSB waived appellate review of the issues raised in the dismissal motion because it did not object to the referee's report. We do not agree. MSB presented its objection to the validity of Soule's lien claim statement to the court in a motion to dismiss prior to the reference. The court denied the motion. In its opinion, it stated that the oath in Soule's lien claim statement was sufficient. The referee was powerless to change that decision and properly deferred to the court's determination. Like other interlocutory orders, this decision of the court is reviewable when a final judgment is entered. *See Garrison v. Finks*, 469 A.2d 440, 440 (Me.1983); 2 Field, McKusick and Wroth *Maine Civil Practice* § 73.1 (2d ed. 1970 & Supp.1981). MSB's failure to object to the referee's report did not waive its right to challenge the court's prereference decision after final judgment.

█ Section 3253 requires that a lien claim statement "be subscribed and sworn to by the person claiming the lien, or someone in his behalf. . . ." The implication from this language is that the subscriber need not have personal knowledge. To limit the possible subscribers to those with personal knowledge narrows the words of the statute, eliminating, among other people, a claimant without personal knowledge. "[S]tatutes must be construed in accordance with the natural import of the

---

1. The mechanic's lien statutes allow for the joinder of the mortgagee. 10 M.R.S.A. § 3257 (Supp.1989).

2. MSB filed a motion to dismiss the HCI action. In the Soule action, it filed a motion for summary judgment and/or a motion to dismiss. We will refer to these as motions to dismiss.

3. MSB also argues that Soule's lien claim statement was defective because it did not affirmatively state that all just credits had been given. The omission by Soule of an affirmative credit statement was not fatal. *See Durling v. Gould*, 83 Me. 134, 137–138, 21 A. 833, 836 (1890); 10 M.R.S.A. § 3254 (1980).

terms used without resort to subtle and forced construction for the purpose of limiting or extending their operation." *Anderson v. Cape Elizabeth School Board,* 472 A.2d 419, 421 (Me.1984). By implication from the words, personal knowledge of the subscriber should not be required for a valid lien, unless there is some "manifest legislative intent to the contrary." *Id.* at 421.

There is no legislative history to the contrary. If anything, the legislative action in this area suggests a broad reading of the lien statutes to effectuate its dual purpose: afford security to mechanics and provide notice to owners and purchasers of potential claims. *See, generally, Lyon v. Dunn,* 402 A.2d 461 (Me.1979). The legislature enacted a companion section to the section at issue here which specifically states that no inaccuracy in a statement will invalidate a lien if the lien can be reasonably recognized and it is not willfully misstated. *See* 10 M.R.S.A. § 3254 (1980). This section, and the history of mechanics liens in Maine, has led this court to interpret the statutes liberally, enforcing a lien if notice is fully and fairly given. *See e.g., Durling v. Gould,* 83 Me. 134, 137, 21 A. 833, 836 (Me.1890); *Pineland v. Robinson,* 382 A.2d 33, 36 (Me.1978); *Combustion Eng., Inc. v. Miller Hydro Group,* 577 A.2d 1186, 1189 (Me.1990). While this legislative history and court interpretation may not be conclusive, it certainly does not manifest an intent contrary to enforcing a valid lien that is subscribed and sworn to by someone without personal knowledge, an implication that follows naturally from the words "person claiming the lien or someone in his behalf. . . ."

Even if we ignore this implication and look at the purpose of an oath, these lien claim statements are still valid. An oath is "any form of attestation by which a person signifies that he is bound in conscience to perform an act faithfully and truthfully." Black's Law Dictionary 1220 (4th Ed.1968). This court has stated that the purpose of an oath is to impress on the maker the seriousness of the act by subjecting him or her to possible perjury or false swearing prosecutions for falsity. *Shorette v. State,* 402 A.2d 450, 454 (Me.1979); *Pineland Lumber Co. v. Robinson,* 382 A.2d 33, 37 (Me.1978).

An oath made to the best of the subscriber's knowledge, information and belief, stated explicitly or not, does not foreclose a perjury or false swearing charge. Since a perjury conviction requires that the oath be taken as part of a judicial proceeding or while giving evidence for one, neither of which includes a lien claim statement oath, the appropriate sanction here is false swearing. *See* 17–A M.R.S.A. § 451–452 (1983 & Supp.1989). "A person is guilty of false swearing if he makes a false statement under oath or affirmation or swears or affirms the truth of such a statement previously made and does not believe the statement to be true." 17–A M.R.S.A. § 452. We have said that "the existence or nonexistence of an opinion or belief is, in itself, a matter of fact, and if material, the false statement of opinion or belief may constitute [a perjury] offense." *Shorette,* 402 A.2d at 454; *State v. Vahlsing,* 557 A.2d 946, 948 (Me.1989). This would apply equally to false swearing.

By saying that a lien claim statement could be subscribed and sworn to by the claimant or someone in the claimant's behalf, the legislature implied that the statement did not have to be on personal knowledge. The best that a subscriber could swear to, then, whether expressed or not, is his or her best knowledge, information or belief. If the assertion of that knowledge, information and belief is false, the subscriber could be convicted of false swearing. This reading of the statute comports with its legislative purpose: to provide notice to owners and prospective purchasers while providing security to mechanics who have valid, recognizable claims. Although the oath requirement is more than a mere technicality, this legislative purpose should not be frustrated by limiting the content of oaths to specific language as long as there is no misconduct. HCI and Soule's lien claim statements were sufficient.

The entry is: Judgment against HCI in CV–85–69 vacated; remanded to the Superior Court.

Judgment in favor of Soule Glass in CV–85–140 affirmed.

All concurring.