## H.C.I. CORPORATION, et al.

v.

## Abraham and Phyllis H. SHAPIRO, et al.

Supreme Judicial Court of Maine.

Argued Sept. 17, 1990.

Decided March 19, 1991.

Rick E. Lawrence (orally) Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Tina L. Snelling (orally), Rudman & Winchell, Christopher D. Hardy (orally), Vafiades, Brountas & Kominsky, Bangor, for appellants.

Joel Dearborn (orally), Ferris, Dearborn & Willey, P.A., Brewer, for appellees.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

PER CURIAM.

H.C.I. Corporation ("HCI"), a subcontractor, Abraham and Phyllis Shapiro, the mortgagees, and Voikos Construction Co. ("Voikos"), the general contractor, appeal from the judgment of the Superior Court (Penobscot County, *Beaulieu, J.*) adopting a referee's report. The referee established the validity and priority of liens on premises in Bangor known as the Central Street Property, following its failed development, in the following order: 1) the subcontractors, except HCI, to satisfy their mechanics' liens; 2) the Shapiros, the purchase money mortgagees; and 3) Voikos, to satisfy its mechanic's lien. The Superior Court adopted the priority ordering of the report in its judgment. We vacate the judgment against HCI and affirm by an equally divided court the judgment against the Shapiros and Voikos.

The issue presented in the appeal of HCI has been resolved in a companion case in which we held that an oath made on the basis of a subscriber's knowledge and belief complies with the requirements of 10 M.R.S.A. § 3253 (1989). *See HCI Corp., et al. v. Voikos Const. Co., et al.,* 581 A.2d 795 (Me.1990). Thus, HCI is entitled to join the other subcontractors in first position.

The sole issue in the Shapiros' appeal is whether the mechanics did their work with the consent of the Shapiros and, thus, gained priority over the Shapiros' interest to the extent of that consent. *See Carey v. Boulette,* 158 Me. 204, 182 A.2d 473 (1962). After lengthy consideration, a majority of this court could not agree on the proper disposition of this issue, so we are bound to affirm this portion of the judgment by an equally divided court. Likewise, by an equally divided court, we affirm the finding of the referee that Voikos waived its priority.

The entry is: Judgment against HCI vacated. Remand for entry of an order joining HCI along with the other subcontractors in first position. Judgment against the Shapiros and Voikos affirmed by an evenly divided court.

All concurring.