STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
DOCKET NO. CV-15-0270

ROCKINGHAM ELECTRICAL
SUPPLY COMPANY, INC.

        Plaintiff,

        v.

TRT ELECTRIC, INC., JOSH
TIBBETTS and CCB, INC.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER TO GRANT DEFENDANT
CCB, INC.'S MOTION FOR SUMMARY
JUDGMENT

STATE OF MAINE
Cumberland. ss. Clerk's Office

SEP 22 2016

RECEIVED

Defendant CCB, Inc. ("CCB") moves for summary judgment related to the complaint made by Rockingham Electrical Supply Company, Inc. ("Rockingham") against TRT Electric, Inc. ("TRT"; subcontractor), Josh Tibbetts (President of TRT Electric, Inc.), CCB (contractor), and Nathan Clifford, LLC ("NCL"; party-in-interest) for reimbursement for electrical and lighting materials and supplies provided by Rockingham. Based on the following, CCB's motion is granted.

I. Factual and Procedural Background

Plaintiff Rockingham alleges that on or about September 20, 2009, TRT completed a commercial credit application with Rockingham under which Rockingham would supply TRT with electrical and lighting materials and supplies relating to improvements of real property owned by NCL in Portland, Maine. (Pl.'s Compl. ¶¶ 6, 8.)

On March 24, 2015, Rockingham recorded a mechanics lien pursuant to 10 M.R.S.A. § 3251, *et seq.*, on NCL's Portland property. (Def.'s Supp.'g S.M.F. ¶ 9, Ex. A.) On June 15, 2015, Rockingham filed a complaint against CCB, TRT, Tibbetts, and NCL (as a party-in-interest) for an alleged unpaid balance of $91,289.64 remaining under the application between Rockingham and TRT, (*Id.* ¶ 9), which contained four counts: (I)

breach of contract, (II) unjust enrichment, (III) 10 M.R.S.A. § 1111 (alleging the existence of a construction contract, and (IV) 10 M.R.S.A. § "3254(1)" (seeking to enforce the mechanics lien) (Pl.'s Compl. ¶¶ 15-32.) CCB posted a bond to secure the release of the lien, (Pl.'s S. Add'l M.F. ¶ 14, Ex. B), and the lien was discharged on April 23, 2015, (Pl.'s S. Add'l M.F. ¶ 15, Ex. C). Rockingham alleges the defendants have never disputed the amount that Rockingham claims as due, (Pl.'s Response to Def.'s S.M.F. ¶ 10), but TRT and Tibbetts deny this allegation, (Ans. of Def's's TRT and Tibbetts ¶ 10; Def. CCB's Ans. and Affirmative Defenses ¶ 10.).

On July 20, 2015, Rockingham dismissed their claims against NCL without prejudice. (Pl.'s Notice of Dismissal.)

On August 3, 2015, CCB filed an "affirmative defense" that Rockingham's claim is barred by non-compliance with the Maine Mechanics Lien statute. (Def. CCB's Ans. and Affirmative Defenses 6.) On May 6, 2016, CCB filed a motion for summary judgment on all counts of Rockingham's complaint asserting that Counts I, II, and III should be dismissed because Rockingham had not alleged that a contract existed between Rockingham and CCB, and that Count IV should be dismissed because of a defect in the mechanics lien. (Def.'s Mot. Summ. J. 3, 5, 7.) Specifically, CCB argues that while mechanics liens are statutorily required to be subscribed and sworn, 10 M.R.S.A. § 3253(1)(A), the mechanics lien filed by Rockingham contains only a "standard acknowledgement" instead of a sworn jurat, rendering it invalid, (Id. 2; Def.'s Supp.'g S.M.F. Ex. A).

On July 8, 2016, Rockingham filed a limited objection to CCB's motion for summary judgment, acknowledging that Counts I, II, and III do not lie against CCB, (Pl.'s Limited Opp'n to Def.'s Mot. Summ. J. 1-2), but asserting CCB is responsible for the unpaid sum owed to Rockingham because it had posted the bond that discharged

the lien against NCL's property, (*Id*. 3). In response to the assertion by CCB that the mechanics lien has a fatally flawed notary subscription, Rockingham notes that the paragraph on the lien just above the notary subscription contains the language "to be signed and sworn." (*Id*. 3-4; Def.'s Supp.'g S.M.F. Ex. A.) Rockingham argues this language, although not within the subscription, is sufficient to satisfy the statutory requirement for the lien to be sworn. (*Id*. 4.)

On July 25, 2016, CCB filed a Reply Memorandum of Law in support of their summary judgment motion in which they reiterate that the notary's subscription in the mechanics lien is defective because it did not require Rockingham to swear to the contents of the lien document as required under 10 M.R.S.A. § 3253(1)(A). (Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. Summ. J. 1.) In response to Rockingham's assertion that CCB owes the alleged unpaid sum because CCB posted the bond to discharge the lien, Rockingham argues that the purpose of giving a bond, as is permitted under 10 M.R.S.A. § 3263, is only to release a property from a lien but is not an admission that Rockingham is entitled to collect from CCB on the lien. (*Id*. 2-3.) Indeed, the copy of the Agreement to Discharge the Lien by Bond as Substitute Security provided by counsel for Rockingham states that Rockingham "must still prove the bases for its Lien Claim in the court of action, and any defendants retain any substantive mechanics liens defenses that may be available to them." (Pl.'s Response to Def.'s S. Add'l M.F. ¶¶ 12-13.)

II. Standard of Review

Summary judgment is appropriate, if based on the parties' statement of material facts and the cited record, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Beal v. Allstate Ins. Co.*, 2010 ME 20, ¶ 11, 989 A. 2d 733; *Dyer v. Dep't of Transport.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "[A] fact is material if it could potentially affect the outcome of the case." *Reliance Nat'l Indem. v.*

*Knowles Indus. Servs.*, 2005 ME 29, ¶ 7, 868 A.2d 220. A genuine issue of material fact exists where the fact finder must choose between competing versions of the truth. *Id.* (citing *Univ. of Me. Found. v. Fleet Bank of Me.*, 2003 ME 20, ¶20, 817 A.2d 871). When deciding a motion for summary judgment, the court reviews these materials in the light most favorable to the non-moving party. *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821.

A motion for summary judgment shall be supported by a statement of material facts, as to which the moving party contends there is no genuine issue of material fact to be tried, where each fact asserted shall be supported by a record citation. M.R. Civ. P. 56(h)(1). For each statement, there must be a reference to the record where "facts as would be admissible in evidence" may be found. M.R. Civ. P. 56(e).

The party opposing a summary judgment must point to specific facts showing that a factual dispute does exist in order to avoid a summary judgment. *Watt v. Unifirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897; *Reliance Nat'l Indem.*, 2005 ME 29, ¶ 9, 868 A.2d 220. The evidence offered to establish a dispute as to a material fact submitted in opposition to a motion for summary judgment, "need not be persuasive at that stage, but the evidence must be sufficient to allow a fact-finder to make a factual determination without speculating." *Estate of Smith v. Cumberland Cnty.*, 2013 ME 13, ¶ 19, 60 A.3d 759.

III. Analysis

The purpose of an oath is to provide the basis for a prosecution of perjury. 60A Am. Jur. 2d Perjury § 12. The Law Court has stated that an oath impresses on the maker the seriousness of the act. *HCI Corp. v. Voikos Constr. Co.*, 581 A.2d 795, 798 (Me. 1990). And so, the Maine statutes that permit a party to file a mechanics lien to secure payment for materials or labor used in altering, moving, or repairing a house, building or appurtenance, 10 M.R.S.A. §§ 3251-3253, explicitly state that a lien will be dissolved if

it is not "subscribed and *sworn to* by the person claiming the lien, or by someone in the claimant's behalf," *Id.* at § 3253(1)(A) (emphasis added.) A signer who has merely appeared and acknowledged that allegations were true or believed to be true has not made an oath to their truth. *Brendla v. Acheson*, 554 A.2d 798, 799 (Me. 1989). And, an oath must be taken before a duly authorized officer. *Paradis v. Webber Hosp.*, 409 A.2d 672, 675 (Me. 1979); Am. Jur. 2d Perjury § 12.

Mechanics lien laws are designed to protect the rights of property owners and provide security for those performing labor or furnishing material. *Biette v. Scott Dugas Trucking & Excavating*, 676 A.2d 490, 497 (Me. 1996). The Law Court has held repeatedly that lien statutes are to be construed liberally to further their equity and efficacy. *Island Terrace Condo. Owners Ass'n v. Coastal Constr. & Landscaping, Inc.*, No. RE-02-090, CV-02-309, RE-02-090, 2005 Me. Super. LEXIS 18, at *5 (Jan. 10, 2005). For example, the Court held a mechanics lien to be valid even when the filer entered the wrong name on the certificate. *Service Eng'g v. R.H. Campbell, Inc.*, No. CV-91-486, 1992 Me. Super. LEXIS 113, at *8 (May 14, 1992).

However, liens are only entitled to such liberal statutory construction when no express command of the lien statute has been disobeyed (i.e., the claimant is within the statute.) *Island Terrace Condo. Owners Ass'n.*, 2005 Me. Super. LEXIS 18, at *5-6; *Service Eng'g* 1992 Me. Super. LEXIS 113, at *5-6. The Law Court has held that, in balancing the equities between the parties, the imposition of strict requirements upon subcontractors to record subscribed and sworn to statements of their lien claims with a certificate of oath is justified. *Pineland Lumber Co. v. Robinson*, 382 A.2d 33, 38 (Me. 1978). For example, jurats that have been upheld by the Law Court contained the language "made oath that the above stated facts are true based upon his knowledge, information and belief to the extent that they are based upon information and belief he swears that he

believes them to be true" or "stated under oath that the facts above are true, except when stated on information and belief, and when so stated, they are believed to be true." *Herrick v. Theberge,* 474 A.2d 870, 873 (Me. 1984). A lien is not sufficiently in compliance with the requirements of the statutes and is, therefore, invalid when the subscription is a "mere acknowledgment" that the subscriber is the claimant that the instrument which he subscribes to be his free act and deed, *Pineland Lumber Co.,* 382 A.2d 33, 39 (Me. 1978), even when the body of the lien document contains language that purports to "certify on oath that the following is a true statement." *Id*. at 35.

The owner of a building on which a lien is claimed may petition the court to have it released from the lien. 10 M.R.S.A. § 3263. As a condition to releasing the lien, the judge may require the owner to post a bond. *Id*. But, the bond is not an admission that the lien is valid and is, instead, available to cover the amount a lienor *may* be entitled to under the original released lien as determined by the court. *Id*. (emphasis added).

Here, it is undisputed that the subscription on the mechanics lien filed by Rockingham does not contain the necessary statutory oath. Defendant CCB alleges, and Plaintiff Rockingham admits, that the full text of the subscription reads:

> Personally appeared, Karen Lane, duly authorized, known to me, or satisfactorily proven to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged that s/he executed the same for the purposes therein contained in his/her capacity as credit manager of the Company. (Def.'s Supp.'g S.M.F. ¶ 7; Pl.'s Opp. S.M.F. ¶ 7).

Considering only this text, CCB has properly supported their affirmative defense that Plaintiff CCB's claims are barred by non-compliance with the Maine mechanics lien statute, because the lien subscription does not satisfy the statutory requirement that it be made under oath.

However, Rockingham contends that even with the absence of an oath in the subscription, there is genuine issue for trial as to whether the lien may still, in fact,

contain language sufficient to satisfy the statutory oath requirement. Plaintiff Rockingham alleges, and Defendant CCB does not deny, that the last paragraph in the body of the lien reads:

> IN WITNESS WHEREOF, Rockingham Electrical Supply Company, Inc. has caused its name to be hereunto affixed and the Certificate to be signed and *sworn*, this 18th day of March, 2015. (Pl.'s Opp. S.M.F. ¶ 7) (emphasis added).

But in *Pineland Lumber Co.*, the Court held the lien oath requirement was not satisfied even when the body of the lien document purported to "certify on oath that the following is a true statement." *Pineland Lumber Co.*, 382 A.2d at 35. Here, the only language in the lien document that could be construed to be an oath of truth is, similar to in *Pineland*, only in the body of the lien. And, the language "to be signed and sworn," sounds even less like an oath of truth than the alleged oath statement in *Pineland*.

Therefore, even viewing this evidence in a light most favorable to Rockingham, it has failed to demonstrate a genuine dispute as to whether their mechanics lien satisfied the statutory oath requirement. Even if Rockingham did include the word "sworn" in the last paragraph of the body of the lien text, as a matter of law this does not serve as substitute for the oath of truth that is statutorily required to be in the jurat of a valid mechanics lien. *See Pineland Lumber Co.*, 382 A.2d at 35.

As to whether the bond posted by CCB represents an admission that they are responsible for any alleged unpaid fees to Rockingham, Rockingham's own counsel stated that the agreement to discharge the lien by bond indicated that Rockingham was still required to "prove the bases for its Lien Claim in the court of action." (Pl.'s Response to Def.'s S. Add'l M.F. ¶¶ 12-13.)

## IV. Conclusion

Defendant CCB's motion for summary judgment is granted as to count IV.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date:  September 21, 2016

Lance E. Walker
Justice, Superior Court

DOCKETED
9/29/16
me✓